## Carpenter
### v.
### Columbus Motor Lodge, Inc.
*[Cite as 3 AOA 280]*

*Case No. 89AP-1286*
*Franklin County, (10th)*
*Decided May 8, 1990*

*Postlewaite & Smith, and Mr. Charles C. Postlewaite, for Appellant.*

*Arter & Hadden, Mr. R. Douglas Wrightsel and Mr. James P. O'Connor, for Appellee.*

RADCLIFFE, J.

Plaintiff appeals from a summary judgment rendered by the Franklin County Court of Common Pleas in favor of defendant on plaintiff's complaint for damages incurred while using defendant's pool facilities. The trial court concluded that plaintiff was a licensee and that her failure to allege willful and wanton misconduct by defendant was fatal to her claims for relief.

Plaintiff, Lori D. Carpenter, was injured on the evening of July 14, 1986, while visiting the hotel premises of defendant, Columbus Motor Lodge, Inc., dba Howard Johnson's Restaurant and Motor Lodge, Inc., ("hotel"). The purpose of plaintiff's visit was to use defendant's swimming pool. Although plaintiff was not a guest of the hotel, the hotel apparently had a policy permitting its employees and their guests to use the pool facilities with the approval of the hotel manager. On the night in question, plaintiff and a friend, which friend was the spouse of a hotel employee, were running toward the pool building to a point where plaintiff believed an entrance was located. Plaintiff struck and broke through a plate sliding door, which collision caused severe and permanent medical injuries.

Thereafter, on July 14, 1988, plaintiff initiated the instant cause in the Franklin County Court of Common Pleas alleging that the hotel was negligent in failing to maintain adequate lighting in the area of the swimming pool and glass door and that the hotel's failure to take all necessary precautions to ensure the safety of plaintiff, as an invitee, was the proximate cause of her injuries. Plaintiff's prayer for relief sought damages in excess of $50,000. The matter was referred to an arbitration panel, pursuant to Loc.

R. 65 of the Franklin County Court of Common Pleas, which panel ultimately awarded plaintiff $35,000 finding plaintiff to be thirty percent negligent and the hotel seventy percent negligent. Defendant then appealed this award to the common pleas court. Plaintiff subsequently amended her complaint to include a second claim for relief alleging negligence *per se* for an alleged violation of R.C. 4101.11.

The hotel ultimately moved for summary judgment in its favor on July 27, 1989, on the ground that no genuine issue of material fact was present with respect to plaintiff's status as a licensee. Since plaintiff was a licensee, the hotel contended that it was entitled to summary judgment because no willful or wanton misconduct was alleged.

Following plaintiff's reply, the matter was submitted to the common pleas court which rendered a decision in favor of defendant finding that plaintiff was a licensee and that her failure to allege willful or wanton misconduct by the hotel was fatal to plaintiff's claims for relief. The matter was reduced to judgment on October 16, 1989.

Plaintiff now appeals and sets forth the following assignments of error:

"I. The trial court erred in that it failed to consider the issue of whether plaintiff was a social guest of defendant.

"II. The trial court erred in holding, as a matter of law, that plaintiff was a licensee as opposed to an invitee.

"III. The trial court granted summary judgment prematurely in that defendant had not yet responded to plaintiff's discovery requests.

"IV. The trial court erred in granting summary judgment against plaintiff prior to the date set for non-oral hearing to the prejudice of plaintiff."

Initially, plaintiff contends that the trial court erred in failing to determine whether plaintiff was a social guest of the hotel. It is plaintiff's position that because her complaint alleged that she was a social guest, the trial court's failure to address this issue in granting summary judgment in favor of defendant on the basis of plaintiff's status as a licensee was erroneous. Plaintiff contends that because she visited the hotel as a result of a social invitation, she enjoyed the status of a social guest and was owed the duty which flows from such status pursuant to the holding rendered in *Scheibel* v. *Lipton* (1951), 156 Ohio St. 308, paragraphs one and three of the syllabus.

In *Scheibel*, the Supreme Court of Ohio concluded that a person who is upon the premises of another as a social guest by invitation had the status, not of a trespasser, licensee or invitee, but of a social guest. *Id.* at 328. In so concluding, the Supreme Court relied upon 2 Restatement of the Law, Torts (1935), Section 331 and 342. Those sections of the Restatement denoted a social guest as a person akin to members of the family of the person in possession of property on which an injury is sustained. *Scheibel, supra,* at 312-313. This familial characterization of a social guest has been subsequently followed by both the Supreme Court and this court. See *Di Gildo* v. *Caponi* (1969), 18 Ohio St. 2d 125, and *Durst* v. *Van Gundy* (1982), 8 Ohio App. 3d 72. On the other hand, "* * * a person who enters the premises of another by permission or acquiescence, for his *own* pleasure or benefit, and not by invitation, is a licensee. * * *" *Light* v. *Ohio University* (1986), 28 Ohio St. 3d 66,68, (emphasis in original).

Here, there is no dispute that plaintiff was not using the pool as a result of a social invitation extended by defendant to plaintiff for that purpose. Rather, the undisputed evidence is that plaintiff was required to obtain the permission of the hotel in order to use the pool and that such permission was granted merely as a favor to its employees. Given this evidence, any error on the part of the trial court in failing to consider plaintiff's contentions with respect to her status as a social guest was nonprejudicial since the only conclusion that could be reached under these facts was that plaintiff was not a social guest. The first assignment of error is overruled.

Plaintiff next contends, by way of her second assignment of error, that the trial court erroneously granted summary judgment in favor of the hotel with respect to plaintiff's status as a licensee. Plaintiff contends that the common pleas court erred in failing to properly construe the evidence so as to establish plaintiff's status as an invitee. It is plaintiff's position that under Ohio law an invitee is one who confers either a direct or indirect benefit upon one in possession of land. More particularly, plaintiff maintains that the evidence reveals her presence was encouraged by the hotel as an enticement to other guests to use the pool and that its policy of encouraging employees to invite family and friends to use the pool improved employee morale. Plaintiff also compares herself to persons who are injured as a guest of a guest of a hotel. Plaintiff contends that such persons are invitees.

Generally, it is for the jury to determine the status of a person injured upon the land of another where the evidence warrants submission to the jury. *Pennsylvania Railroad Co.* v. *Vitti* (1924), 111 Ohio St. 670, paragraph one of the syllabus, and *Haubrock* v. *Lamping* (1925), 20 Ohio App. 307, 311. Thus, summary judgment as to plaintiff's status as an invitee or licensee was appropriate only if, upon the evidence adduced in support of and in opposition to defendant's motion for summary judgment, reasonable minds could only conclude that plaintiff was a licensee while using the hotel pool. Civ. R. 56(C).

Recently, the Supreme Court of Ohio has concluded that the type of benefit conferred by a business invitee upon the owner or occupier of land must take some tangible form, whether economic or otherwise. *Provencher* v. *Ohio Dept. of Trans.* (1990), 49 Ohio St. 3d 265, 266-267, and fn. 1. In this case, plaintiff contends that the evidence she submitted in opposition to defendant's Civ. R. 56 motion was sufficient to create a question of fact for the jury as to the benefit conferred upon the hotel by permitting use of its pool by friends and family or employees.

While plaintiff indicates that a favorable construction of the evidence reveals that the hotel encouraged her presence to entice other guests to use the pool, this court cannot agree. The only evidence presented by plaintiff to support a finding that her presence conferred a benefit upon the hotel was the affidavit of the hotel employee at whose invitation she was using the pool. That affidavit indicates that the hotel policy regarding pool use by friends and family of hotel employees was promulgated only for purposes of maintaining employee morale. The affidavit indicates the benefit was conferred upon the employee, and not the hotel, and consisted only of the ability of the employee to visit with friends and family during working hours. Under the facts of this case, which involves an injury to a guest of an employee of the hotel and not to the employee, such "benefit" is too intangible to merit jury consideration of plaintiff's status. Cf. *Provencher, supra,* at 266. As the trial court concluded, the benefit is too remote to convert plaintiff's status from licensee to that of an invitee.

This court also declines plaintiff's invitation to extend the status of invitee to guests of employees. The general rule is that, absent evidence of a special relationship or contract, guests of employees are generally held to be licensees and not invitees. See, *e.g., Baltimore & Ohio Southwestern Railway Co.* v. *Cox* (1902), 66 Ohio St. 276, 287-288. See, generally, Annotation, Duty Owed to, and Status of, Social Guest of Employee on Employer's Business Premises (1961), 78 A.L.R. 2d 107, 115, Section 3. There being no evidence to support a deviation from the general rule in this case, plaintiff's second assignment of error is overruled.

By way of her third assignment of error, plaintiff contends that the trial court erroneously granted summary judgment in favor of defendant in contravention of Civ. R. 56(F). More particularly, plaintiff maintains that because defendant failed to fully respond to her first set of interrogatories and failed to respond at all to her second set of interrogatories, the common pleas court should have continued the matter until all discovery had been completed.

With respect to plaintiff's contentions regarding the first set of interrogatories, the trial court did not err in failing to continue defendant's Civ. R. 56 motion until defendant had fully answered. A review of the interrogatories reveals that the questions propounded by plaintiff were totally irrelevant to the issue before the common pleas court under defendant's motion for summary judgment. The interrogatories concern the hotel's knowledge of and conduct with respect to the alleged hazardous nature of the premises. None of the those interrogatories concern plaintiff's status as an invitee or licensee. As to plaintiff's second set of interrogatories, there is no evidence in the file before this court that plaintiff ever filed those interrogatories with the common pleas court so as to alert it that plaintiff's discovery was incomplete. Moreover, plaintiff never moved the common pleas court for a continuance in order to complete its discovery as to plaintiff's status. Rather, plaintiff's memorandum in opposition references the attached affidavits of various witnesses and does not mention the existence of the second set of interrogatories. Under these circumstances, the common pleas court did not err in failing to continue the matter pursuant to Civ. R. 56(F). The third assignment of error is overruled.

Finally, by way of the fourth assignment of error, plaintiff asserts that summary judgment was erroneous since defendant failed to obtain a non-oral hearing date pursuant to Loc. R. 25.03(A) of the Franklin County Court of Common Pleas. As support for this position, plaintiff relies upon this court's decision in *Ramson's*

*Imports, Inc. v. Chheda* (Jan. 10, 1984), No. 83AP-566, unreported (1984 Opinions 38).

Plaintiff's reliance upon *Ramson's Imports, Inc.*, is misplaced. That case concerned an unrepresented defendant who received no notice of the non-oral hearing date and, thus, did not timely respond to the motion for summary judgment. In this case, however, the parties agreed to grant plaintiff an extension of time in which to file her memorandum contra to the Civ. R. 56 motion, at which time plaintiff submitted her memorandum contra with supporting affidavits. Any error on the part of the common pleas court in ruling upon the Civ. R. 56 motion eight days before the scheduled non-oral hearing date was in no way prejudicial to plaintiff. Plaintiff's fourth assignment of error, being frivolous, is overruled.

Having overruled all assignments of error, the summary judgment rendered by the Franklin County Court of Common Pleas in favor of defendant is affirmed.

*Judgment affirmed.*

REILLY, P.J., and YOUNG, J., concur.

RADCLIFFE, J., of the Ross County Common Pleas Court, sitting by assignment in the Tenth Appellate District.