BOMBARDIER CAPITAL, INC., Plaintiff,

v.

W.W. CYCLES, INC., d.b.a. Andrews Honda–Suzuki et al., Defendants/Third–Party Plaintiffs–Appellants,

v.

Bombardier Motor Corporation of America, Third–Party Defendant–Appellee.

[Cite as *Bombardier Capital, Inc. v. W.W. Cycles, Inc.,* 155 Ohio App.3d 484, 2003-Ohio-6716.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 02 CA 44.

Decided Dec. 12, 2003.

Guy, Lammert & Towne and E. Jane Taylor, for plaintiff.

Roth, Blair, Roberts, Strasfeld & Lodge and David S. Barbee, for defendants/third-party plaintiffs-appellants.

Ulmer & Berne L.L.P., Kenneth A. Bravo and Elizabeth A. Harvey, for third-party defendant-appellee.

---

WAITE, Presiding Judge.

{¶ 1} This appeal revolves around whether the trial court prematurely granted summary judgment in a contract dispute. Appellant W.W. Cycles, Inc. ("W.W. Cycles") filed a third-party complaint in the Mahoning County Court of Common Pleas alleging breach of contract. The third-party defendant-appellee, Bombardier Motor Corporation of America ("Bombardier Motor"), filed a motion for summary judgment. The Court Administrator of the Mahoning County Court of Common Pleas sent appellant a notice stating that appellant had until February 7, 2002, to file a responsive brief. Prior to that date, however, the trial court granted Bombardier Motor's motion for summary judgment on January 31, 2002. The main issue on review is whether appellant was permitted to rely on the court administrator's notice as to the time for filing a responsive brief. We agree with appellant that the trial court should not have ruled on the motion for summary judgment prior to February 7, 2002, and this case must be reversed and remanded for that reason.

{¶ 2} This case originated when a company named Bombardier Capital, Inc. ("Bombardier Capital") filed a complaint against appellant W.W. Cycles. Bombardier Capital apparently manufactures "Sea–Doo" personal motorized watercraft, and appellant was a retail distributor of Sea–Doos. Bombardier Capital entered into an inventory security agreement so that appellant could finance the purchase of Sea–Doos for resale. Bombardier Capital's complaint alleged that appellant had breached the agreement and requested the immediate repayment of all of appellant's debts. The complaint was filed on April 21, 1999, in the Columbiana County Court of Common Pleas. It was later transferred to Mahoning County.

{¶ 3} On July 15, 1999, appellant filed its answer to the complaint and also filed a third-party complaint against Bombardier Motor. This appeal involves the third-party complaint. Bombardier Motor was a wholesale distributor of Sea–Doos, and it had previously entered into a dealer agreement authorizing appellant to sell Sea–Doo watercraft. Appellant alleged that Bombardier Motor breached the dealer agreement. The third-party complaint also alleged that Bombardier Motor induced Bombardier Capital to breach its security agreement with appellant.

{¶ 4} On September 26, 2001, Bombardier Capital filed a motion for summary judgment on both counts of appellant's complaint. Bombardier Capital also requested an award of attorney fees.

{¶ 5} On December 24, 2001, appellant filed a motion for extension of time, asking the court to set January 7, 2002, as the deadline for filing a response to Bombardier Capital's motion for summary judgment. The motion for extension of time was renewed on January 2, 2002. Appellant filed its response to Bombardier Capital's motion for summary judgment on January 7, 2002.

{¶ 6} On January 3, 2002, appellee, Bombardier Motor, filed a motion for summary judgment in defense of the third-party complaint.

{¶ 7} On January 9, 2002, the Court Administrator of the Mahoning County Court of Common Pleas sent a notice to appellant stating that a non-oral hearing was scheduled for February 14, 2002, to deal with a summary judgment motion and that appellant had until February 7, 2002 to file a responsive brief.

{¶ 8} The trial court signed two separate judgment entries on January 31, 2002, granting both motions for summary judgment. The entries were filed on February 1, 2002. Appellant had not yet replied to the second motion for summary judgment.

{¶ 9} One judgment entry dealt with Bombardier Capital's motion for summary judgment but left the issue of damages unresolved. The matter was later settled by the parties, and the original complaint was dismissed. The second judgment entry granted Bombardier Motor's motion for summary judgment in full. Taken together, the two judgment entries resolved all outstanding issues in the case.

{¶ 10} On March 1, 2002, appellant filed an appeal of the February 1, 2002 judgment entry as regards Bombardier Motor.

{¶ 11} On August 5, 2002, appellant filed with this court a motion to correct or modify the record. After examining the record filed on appeal, appellant realized that the January 9, 2002, notice from the Mahoning County Court Administrator was not in the record. This notice was crucial to appellant's argument on appeal. Appellant asked this court to allow him to correct the record, on the authority of App.R. 9(E), so that the January 9, 2002 notice could be included. Appellant filed a similar motion with the trial court.

{¶ 12} On September 13, 2002, appellant filed with this court a withdrawal of motion to modify or correct the record and a motion to file brief instanter. Appellant stated that the trial court had filed a judgment entry correcting the record to include a copy of the January 9, 2002, notice from the court administrator.

{¶ 13} On September 20, 2002, this court filed a journal entry granting appellant's motion to file brief instanter.

{¶ 14} Appellant's two assignments of error assert:

{¶ 15} "The trial court erred to the prejudice of Appellant in ruling on Bombardier Motor's Motion for Summary Judgment before the scheduled non-oral hearing.

{¶ 16} "The trial court erred to the prejudice of Appellant in granting Bombardier Motor's Motion for Summary Judgment when the evidentiary materials submitted to the court did not support judgment as a matter of law."

{¶ 17} Appellant argues that the trial court should not have ruled on Bombardier Motor's motion for summary judgment until at least February 7, 2002, in order to give appellant a chance to file its responsive brief. Appellant argues that the trial court, through its administrator, sent out a notice stating that the cutoff date for filing a responsive brief was February 7, 2002, and that the trial court's failure to wait to rule until February 7, 2002, or to notify appellant that the date for filing a responsive memo had been changed, constitutes reversible error. Although appellant does not label the nature of this error, he is urging us to find a due process violation.

{¶ 18} The record shows that appellant was notified by the Mahoning County Court Administrator that he had until February 7, 2002, to file a response to Bombardier Motor's motion for summary judgment. The trial court ruled on the motion on January 31, 2002, before appellant had filed a response and before the cutoff date set by the court administrator. The issues in this case revolve around the legal significance of these basic facts.

{¶ 19} Appellant essentially asserts that a court cannot rule on a matter until after its own deadlines for filing briefs have passed. Appellant cites *Mid–Am. Natl. Bank & Trust v. Herr* (Nov. 30, 1990), 6th Dist. No. WD–90–8, 1990 WL 187270, in which the trial court ruled on a motion for summary judgment before the cutoff date it had set for filing motions for summary judgment and for completing discovery. In that case, the Sixth District Court of Appeals reversed the judgment of the trial court and held that the trial court's ruling was premature based on the trial court's own deadlines. Id. at 2.

{¶ 20} The distinguishing issue in the instant case is that the deadline for filing a response to appellee's motion for summary judgment was issued by the court administrator rather than by a judge or magistrate. Appellee believes that the court administrator had no authority to extend the time for filing a responsive brief and that appellant should have been permitted only the time allowed by the Rules of Civil Procedure and the Local Rules of the Mahoning County Court of Common Pleas.

{¶ 21} Civ.R. 56(C) gives a party at least 14 days to file a response to a motion for summary judgment:

{¶ 22} "The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits."

{¶ 23} It is clear from the record that appellant had more than 14 days to file its responsive brief prior to the time the trial court ruled on the motion. Bombardier Motor filed its motion for summary judgment on January 3, 2002. The trial court did not rule on the motion until January 31, 2002, which was 28 days after the motion for summary judgment was filed.

{¶ 24} Appellee submits that a trial court is not required to notify the parties of the date when it will rule on a motion for summary judgment, as long as it waits at least 14 days before issuing its ruling. Appellee cites *State ex rel. V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 692 N.E.2d 198, in support. The situation in *V Cos.*, as well as in a number of other cases cited by appellee, can be easily distinguished from the instant case. In *V Cos.* the trial court did not take the affirmative step of notifying the parties of the cutoff date for filing and responding to motions for summary judgment. This is very different than the situation presented by this appeal, in which the trial court, through its court administrator, set a specific cutoff date for filing responsive briefs.

{¶ 25} Appellee cites *Carpenter v. Columbus Motor Lodge, Inc.* (1990), 67 Ohio App.3d 589, 587 N.E.2d 916, for the proposition that a party must prove prejudicial error if a trial court erroneously grants summary judgment prior to a scheduled hearing date. In *Carpenter*, the court found that there was no prejudicial error because the nonmovant actually received an extension of time to file an opposing brief and did, in fact, file a brief with affidavits before the trial court made its ruling. In the instant case, though, appellant never filed any brief or evidence as to this summary judgment motion because the deadline for filing had not yet arrived. This is the quintessential example of prejudice that results from a due process violation, because appellant never had a chance to demonstrate its point of view to the trial court.

{¶ 26} Appellee contends that a court does not err when it rules on a motion for summary judgment if the court does not know that the court administrator set a period longer than 14 days to rule on the motion. Appellee urges that only the trial court judge may extend the period designated by rule. This argument is not well taken. It presumes that the court administrator is not an arm of the court, that the court has no communication with or authority over the court administrator, and that the court is not responsible for the official acts of its administrator. The Local Rules of the Mahoning County Court of Common Pleas give considerable authority to the court administrator to regulate the affairs of the court. For example, Mahoning County Loc.R. 4(A) states:

{¶ 27} "The Court Administrator shall be responsible to the Administrative Judge and shall be guided by the Rules of Superintendence and the Rules of this Court. He shall be responsible for all matters concerning administration of the General Division of the Mahoning County Common Pleas Court including, but not limited to, supervision of all Court personnel, the docket and calendar, trial and hearing assignments, * * * and such other duties and responsibilities as may be required by the Administrative Judge."

{¶ 28} The court administrator is also responsible for receiving all motions and briefs from the clerk of courts:

{¶ 29} "All motions and briefs shall be delivered by the Court Administrator to the Court to which they have been assigned for action by the Court, and shall not be set for oral hearing unless approved by the Court Administrator or ordered by the Court." Mahoning County Loc.R. 4(C)(1).

{¶ 30} Based on these provisions in the Local Rules of the Mahoning County Court of Common Pleas, we find sufficient authority for the court administrator to set the initial filing and hearing deadlines after a party files a motion for summary judgment.

{¶ 31} Appellee asserts that the court administrator is only permitted to engage in ministerial functions rather than judicial functions, citing *State v. Wilson* (1995), 102 Ohio App.3d 467, 657 N.E.2d 518, in support. Appellee argues that the court administrator has no authority to set a date for the filing of responsive briefs that is different from the date required by statute or local court rule, because to do otherwise would be exercising a judicial function. Appellee contends that Mahoning County Loc.R. 4(C)(2) requires all responsive briefs to be filed within 14 days, "unless, with leave of Court, an extension is granted." Appellee argues that if the court administrator grants more than 14 days for litigants such as appellant to file a responsive brief, this act amounts to a judicial decision, and the court administrator has no power to make judicial decisions. In essence, appellee contends that appellant was not entitled to rely on the court administrator's notification letter concerning the cutoff date for filing responsive briefs because the rules clearly supercede such notification. We do not find merit in this line of argument.

{¶ 32} First, it is difficult to interpret the court administrator's action in setting an initial cutoff date for filing responsive briefs as anything other than a ministerial act, even as defined by the *Wilson* case relied upon by appellee. In *Wilson,* the Second District Court of Appeals defined "judicial power" as, "[a]ny determination of a fact or legal principle upon which the rights of one or more of the parties before the court is decided." Id. at 472, 657 N.E.2d 518. In the instant case, the court administrator did not determine a fact or legal principle.

Instead, he simply performed his duty in setting the dates for the certain items on the court's docket.

{¶ 33} Secondly, and more importantly, we must keep in mind the purposes of summary judgment proceedings. As the Ohio Supreme Court has recently stated,

{¶ 34} "One of the overriding goals of Civ.R. 56 is fundamental fairness to all litigants, given the high stakes involved when summary judgment is sought. See *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 360, 604 N.E.2d 138 (because summary judgment terminates litigation without the benefit of a trial on the merits, compliance with the letter and spirit of the rule is of paramount importance). Civ.R. 56's procedural fairness requirements place significant responsibilities on all parties and judges to ensure that summary judgment should be granted only after all parties have had a fair opportunity to be heard." *Hooten v. Safe Auto. Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, at ¶ 34.

{¶ 35} We believe that procedural fairness can only be achieved in this case by reversing the trial court judgment. According to Civ.R. 56(E), if a party does not respond to a motion for summary judgment, the trial court may render summary judgment against that party only if appropriate. It is not appropriate for the trial court to ignore the cutoff date for filing responsive briefs set by its court administrator when that administrator is given the power to control the court's docket in some fashion, and it is reversible error for the trial court to render summary judgment against the opposing party prior to the cutoff date without providing some further notice or procedural safeguards to protect the parties.

{¶ 36} Appellee presents one additional argument that requires our attention. Appellee contends that appellant should have filed a Civ.R. 60(B) motion for relief from judgment to present the evidentiary materials in opposition to summary judgment that it failed to file prior to the issuance of the January 31, 2002 judgment entry. Appellee argues that the failure to give the trial court an opportunity to correct any errors in rendering summary judgment constitutes a waiver of those errors on appeal. This argument is also not well taken. The Ohio Supreme Court has often held, "A Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal * * *." *Key v. Mitchell* (1998), 81 Ohio St.3d 89, 90–91, 689 N.E.2d 548; *State ex rel. Durkin v. Ungaro* (1988), 39 Ohio St.3d 191, 192, 529 N.E.2d 1268. In fact, the filing of a Civ.R. 60(B) motion does not toll the time for filing an appeal, and may not be ruled upon by the trial court after the filing of a direct appeal except with leave of the court of appeals. See *Blasco v. Mislik* (1982), 69 Ohio St.2d 684, 686, 23 O.O.3d 551, 433 N.E.2d 612; *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.* (1994), 70 Ohio St.3d 141, 146–147, 637 N.E.2d 890. Although appellant may

have been able to obtain some relief through the filing of a Civ.R. 60(B) motion, Civ.R. 60 is not meant to foreclose or interfere with the relief available through direct appeal.

{¶ 37} Appellant's first assignment of error is hereby sustained. Because appellant's second assignment of error deals with the weight and type of evidence that appellee presented as part of its motion for summary judgment, this second assignment of error is not yet ripe for review. Appellant did not receive a chance to respond to the motion for summary judgment, and the response, once filed, may generate a reply from appellee with additional evidence. For these reasons, we reverse the February 1, 2002 judgment entry granting Bombardier Motor's motion for summary judgment. This case is remanded so that appellant may have an opportunity to file its response to Bombardier's motion for summary judgment and for further proceedings consistent with this opinion. The judgment entry regarding Bombardier Capital, also filed on February 1, 2002, is unaffected by our ruling in this opinion.

Judgment reversed.

GENE DONOFRIO and VUKOVICH, JJ., concur.