PINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiffs-Appellants, Leonard and Josephine Gentile, appeal the decision of the Mahoning County Court of Common Pleas that granted summary judgment to Defendants-Appellees, Youngstown Osteopathic Hospital and Dr. Abdul Shamsuddin. The Gentiles argue that the trial court erred when granting summary judgment to Appellees since it did not provide the Gentiles with an adequate opportunity to respond to the motion.
 {¶ 2} The procedures in Civ.R. 56 require that a trial court notify the parties when it will rule on a motion for summary judgment so the parties can timely file responses to motions for summary judgment. This notice can be made in explicit judgment entries or in local rules. In this case, the trial court never explicitly set deadlines and granted a continuance, so the timetable in the local rules no longer applied. Thus, the trial court denied the Gentiles a fair opportunity to be heard when it granted Appellees' motion for summary judgment. The trial court's decision is reversed and this matter is remanded for further proceedings.
 Facts {¶ 3} The only facts relevant to this appeal are procedural facts. On July 21, 1999, the Gentiles filed a complaint against both Shamsuddin and the Hospital. It alleged that Shamsuddin committed medical malpractice and that the Hospital was jointly and severally liable for Shamsuddin's negligence. Each defendant filed a separate answer to the complaint and the parties began discovery. However, on March 14, 2000, the Hospital filed a notice of stay, notifying both the trial court and the other parties that it had filed for bankruptcy. The trial court ordered that the proceedings be stayed on March 20, 2000.
 {¶ 4} The record does not contain any indication when the stay was lifted, but on January 21, 2003, Appellees filed a joint motion for summary judgment. That motion was based on the claim that the Gentiles failed to identify an expert to support their malpractice action.
 {¶ 5} The Gentiles moved for additional time to respond to the motion on February 21, 2003, and were granted that extension. They then filed their response to the motion on March 25, 2003. In that response, the Gentiles did not argue that they had located an expert to support their claim. Rather, they argued that they had insufficient time to complete discovery due to the stay and requested that the trial court not rule on the pending motion until discovery could be completed. The trial court granted the Gentiles' request on April 23, 2003, and stated that all deadlines would be established at a May 19, 2003, pretrial conference.
 {¶ 6} On May 19, 2003, the trial court journalized a pretrial order. But that order failed to set any new deadlines. Instead, the trial court checked a box indicating, "Prior order remains in effect. All dates, including trial, remain as is," and set a final pretrial for December 17, 2003. On December 17, 2003, the trial court journalized another pretrial order. This one checked the box next to the same line and set the matter for a jury trial on January 20, 2004. The case was subsequently continued to January 18, 2005.
 {¶ 7} On April 5, 2004, Appellees filed a motion for the court to rule on its pending motion for summary judgment. The trial court signed a judgment entry on Friday, April 16, 2004, granting summary judgment to Appellees. That judgment entry was journalized on Monday, April 19, 2004. The Gentiles did not file anything between Appellees' April 5th motion and the day the trial court's judgment was journalized. It is from the trial court's April 19th judgment that the Gentiles timely appeal.
 {¶ 8} The Gentiles filed a motion for Civ.R. 60(B) relief from the trial court's April 19th judgment on the same day they appealed that judgment. On December 23, 2004, we remanded the matter to the trial court for sixty days so it could rule on that motion. The trial court took no action within that time.
 Opportunity to Respond to Motion for Summary Judgment {¶ 9} The Gentiles' sole assignment of error argues:
 {¶ 10} "The trial court erred in granting Appellees' motion for summary judgment before the time allowed for a response."
 {¶ 11} The Gentiles do not challenge the merits of the trial court's decision to grant summary judgment; rather, they challenge the trial court's timing when doing so. According to the Gentiles, the trial court did not give them an opportunity to respond to Appellees' April 5th motion and that due process requires that the trial court give them that opportunity. The Gentiles also contend that they did not have notice of Appellees' April 5th motion until the trial court entered its judgment ruling on that motion.
 {¶ 12} Appellees respond by arguing that the trial court only delayed its ruling until the December 17th pretrial hearing and that it could have ruled on the pending motion for summary judgment any time after that date. It further contends that the Gentiles had the duty to check the docket and cannot now claim they did not know of Appellees' April 5th motion. Finally, Appellees claim that if the trial court ruled early, then it was harmless error since the Gentiles did not file a response to Appellees' April 5th motion within the proper amount of time.
 Notice of April 5th Motion {¶ 13} In their brief to this court, the Gentiles allege that they did not receive notice of Appellees' April 5th motion and rely a great deal on this allegation, but this fact is not reflected in the record. The certificate of service attached to the motion indicates that it was served upon the Gentiles' attorney by regular mail on April 5, 2004, and there is no reason currently in the record to doubt that fact. The Gentiles filed a Civ.R. 60(B) motion for relief from judgment in order to get this fact in the record, which has yet to be ruled upon. Thus, any argument related to the Gentiles' lack of knowledge of the April 5th motion must be disregarded for the purposes of this appeal.
 Notice of Intent to Rule {¶ 14} The Gentiles argue that they did not have notice that the trial court intended to rule on Appellees' motion for summary judgment. They contend that if they did have that notice, then they would have taken action to preserve their claim, such as voluntarily dismissing their case without prejudice pursuant to Civ.R. 41(A). Appellees respond by arguing that they did have notice that the trial court was only continuing the motion until the final pre-trial hearing and could enter judgment any time after that hearing.
 {¶ 15} The Ohio Supreme Court recently dealt with the type of notice a trial court must give before ruling on a motion for summary judgment. InHooten v. Safe Auto Ins. Co., 100 Ohio St.3d 8, 2003-Ohio-4829, the defendant moved for summary judgment. The trial court had not set deadlines for filing dispositive motions and did not notify the plaintiff when it planned on ruling on the pending motion for summary judgment, but a local rule provided that a party opposing any motion must file a brief in opposition within ten days after the motion was filed. The plaintiff filed a Civ.R. 56(F) motion for a continuance eleven days after the defendant moved for summary judgment, but never responded to the merits of the defendant's motion for summary judgment. The trial court granted the defendant's motion for summary judgment one month after that motion was filed.
 {¶ 16} The plaintiff appealed the trial court's decision, arguing, among other things, that the trial court had erred by never setting a date for a hearing on or submission of the defendant's motion for summary judgment. The Ohio Supreme Court held the trial court did not need to set those deadlines "if a local rule of court provides sufficient notice of the hearing date or submission deadlines." Id. at syllabus. But it cautioned that this holding "should not be taken as condoning a hasty judgment. One of the overriding goals of Civ.R. 56 is fundamental fairness to all litigants, given the high stakes involved when summary judgment is sought. * * * Civ.R. 56's procedural fairness requirements place significant responsibilities on all parties and judges to ensure that summary judgment should be granted only after all parties have had a fair opportunity to be heard." (Citations omitted) Id. at ¶ 34. Thus,Hooten clearly states that a party must have some sort of notice of when the trial court intends to rule on a motion for summary judgment before the trial court can properly do so.
 {¶ 17} This court applied Hooten in a situation similar to this case. In Bombardier Capital, Inc. v. W.W. Cycles, Inc., 155 Ohio App.3d 484,2003-Ohio-6716, the defendant moved for summary judgment and the court administrator sent a notice to the plaintiff setting dates for both the plaintiff's response and a non-oral hearing on the motion. Those dates were more than one month after the defendant moved for summary judgment. Nevertheless, the trial court granted the defendant's motion for summary judgment one week prior to the date that the plaintiff's brief in opposition was due.
 {¶ 18} This court held that the trial court improperly granted summary judgment in that case since it did not comply with the schedule set by the court administrator. The local rules contained "sufficient authority for the court administrator to set the initial filing and hearing deadlines after a party files a motion for summary judgment." Id. at ¶ 30. But this court found it more important to note that Hooten stated that all parties should have a fair opportunity to be heard before the trial court grants summary judgment. Id. at ¶ 33-34. This court held that a trial court must provide "notice or procedural safeguards" to all the parties before it grants summary judgment. Id. at ¶ 35.
 {¶ 19} In the present case, the trial court's discovery and motion deadlines had passed while this case was stayed because one of the defendants, the Youngstown Osteopathic Hospital, filed for bankruptcy. Thus, those previous orders did not notify the Gentiles of when their response would be due. Loc.R. 4(C)(2) gives a non-movant fourteen days to oppose any motion. But the trial court granted the Gentiles' motion for a continuance. So that local rule also failed to give the Gentiles notice of when their response to the pending motion was due. And the trial court failed to specifically set up new discovery and dispositive motion deadlines.
 {¶ 20} Appellees claim the Gentiles were notified in two different ways when their response was due. First, they claim the trial court's April 23rd entry clearly stated that the Gentiles had to file their response prior to the final pre-trial. But this is incorrect. That entry provides as follows:
 {¶ 21} "Defendants filed a Motion for Summary Judgment on January 21, 2003.
 {¶ 22} "On March 25, 2003 Plaintiffs responded requesting that the Court continue ruling on Defendants' Motion until the final pre-trial and the establishment of discovery and dispositive motions. Plaintiffs' Memorandum is well-taken and it shall be so ordered.
 {¶ 23} "The pre-trial scheduled for May 19, 2003 @ 10:00 AM shall establish all deadlines."
 {¶ 24} This entry clearly states that the trial court would establish new deadlines, but it failed to do so at the May 19th hearing or at any later date. Thus, this entry does not give the Gentiles notice of when their response to the motion for summary judgment was due.
 {¶ 25} Appellees next argue that the Gentiles had notice that the trial court could rule on the motion after Appellees moved the trial court to rule on that motion. But this argument contradicts Hooten, which requires that the trial court notify the parties of when briefs are due. Appellees' motion for the trial court to rule on the pending motion for summary judgment is simply not a notification by the trial court to the Gentiles of when their response is due or when it will rule on the motion for summary judgment. And the local rule allowing fourteen days to respond to a motion would not notify the Gentiles of when the trial court would rule on the motion for summary judgment since Appellees' later motion was not a motion for summary judgment. Instead, it was more akin to a request for the trial court to set the deadlines it neglected to set earlier.
 {¶ 26} The trial court stated that it intended to set new deadlines since the previous deadlines passed while the case was stayed, but it failed to do so. The trial court never notified the Gentiles when their response to Appellees' motion for summary judgment was due and this prevented the Gentiles from having a fair opportunity to be heard. Thus, their sole assignment of error is meritorious.
 Conclusion {¶ 27} The trial court failed to notify the Gentiles either when it would rule on Appellees' motion for summary judgment or when their response to that motion was due. This did not give the Gentiles a fair opportunity to be heard and violated Civ.R. 56's procedural safeguards. Accordingly, the judgment of the trial court is reversed and this case is remanded for further proceedings.
Donofrio, P.J., concurs.
Waite, J., concurs in judgment only.