[Cite as *Citimortgage, Inc. v. Buttermore*, 2012-Ohio-5351.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CITIMORTGAGE, INC. | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2012CA00004 and |
| DAVID M. BUTTERMORE | Case No. 2012CA00071 |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas Court, Case No.
                             2009CV3948


JUDGMENT:                    Case No. 2012CA00004 - Dismissed
                             Case No. 2012CA00071 - Affirmed


DATE OF JUDGMENT ENTRY:      November 13, 2012


APPEARANCES:


For Plaintiff-Appellee              For Defendant-Appellant


MATTHEW J. RICHARDSON               BRUCE M. BROYLES
MANLEY DEAS KOCHALSKI LLC            The Law Office of Bruce M. Broyles
P.O. Box 165028                     5815 Market Street, Suite 2
Columbus, OH 43216-5028             Boardman, OH 44512

*Hoffman, J.*

{¶1} Defendant-appellant David M. Buttermore ("Buttermore") in Case No. 2012CA0004 appeal the November 7, 2011 Judgment Entry entered by the Stark County Court of Common Pleas, denying his motion to vacate the default judgment entered against him on March 12, 2010. In Case No. 2012CA00071, Appellant appeals the March 15, 2012 Judgment Entry filed by the same court, denying his motion for relief from that same default judgment. Plaintiff-appellee in both appeals is Citimortgage, Inc. ("Citi").

## STATEMENT OF THE CASE[1]

{¶2} On October 13, 2009, Citi filed a complaint for foreclosure against Buttermore. The trial court assigned the case for trial to commence November 24, 2009.

{¶3} On November 19, 2009, Citi moved to continue the trial. That same day, the trial court filed a Judgment Entry stating, "The Court has been advised that the within matter has been settled. This matter shall be marked as settled on the Court docket. The parties shall file a complete judgment entry allocating court costs and all other matters within thirty (30) days of the date of this Entry."

{¶4} The trial court's docket reflected "Judgment Entry - matter settled and dismissed entry to follow." No further entries reflecting the "settlement" were filed.

{¶5} On March 11, 2010, Citi filed a motion for default judgment. On March 12, 2010, the trial court granted the motion. That same day, Citi filed a notice of assignment of mortgage, followed by the final judicial report on March 16, 2010.

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

{¶6}   On November 7, 2011, Buttermore filed a motion to vacate the March 12, 2010 default judgment.  Citi filed a memorandum in opposition.  On December 9, 2011, the trial court filed a Judgment Entry denying Buttermore's motion to vacate. Buttermore appealed that decision, which has been assigned Case No. 2012CA00004.

{¶7}   After Buttermore's November 7, 2011 Motion to Vacate but before the trial court's entry denying the same.  Buttermore filed a motion for relief from the March 12, 2010 default judgment on November 14, 2011.  Pursuant to the motion, this Court granted a limited remand of the case to the trial court to rule on Buttermore's motion for relief from judgment.  The trial court denied that motion via Judgment Entry filed March 15, 2012.  Buttermore appealed that entry, which has been assigned Case No. 2012CA00071.

{¶8}   In Case No. 2012CA00004, Buttermore assigns as error:

{¶9}   "I. THE TRIAL COURT ERRED IN DENYING THE MOTION TO VACATE THE NOVEMBER 19, 2009 DEFAULT ENTRY."

{¶10}  Buttermore argues the trial court lacked jurisdiction to grant Citi's motion for default judgment because its November 19, 2009 Judgment Entry dismissed the case.  Buttermore claims the trial court wrongly determined the case remained open. However, the trial court's December 9, 2011 Judgment entry makes no specific mention regarding the status of the case and denies the motion because Buttermore's failure to timely file a responsive pleading to the complaint was not the result of "excusable neglect."  Implicit in the trial court's decision is the determination the November 19, 2009 Judgment Entry did not terminate the case.

**{¶11}** As he did in the motion to vacate, Buttermore argues in his brief to this Court the November 19, 2009 Judgment Entry terminated or dismissed the case, therefore the trial court had no jurisdiction to subsequently grant Citi's motion for default judgment.

**{¶12}** We need not address the merits of this argument at this juncture as we find it is barred by the legal doctrine of res judciata. Buttermore's argument as presented herein could have been raised on direct appeal of the trial court's Judgment Entry and Decree in Foreclosure filed March 12, 2010. It is established that a motion to vacate cannot be used as a substitute for a direct appeal. *Key v. Mitchell*, 81 Ohio St.3d 89, 1998-Ohio-643; *Bobardier Capital, Inc. v. W.W. Cycles, Inc.* 155 Ohio App. 3d 484, 2003-Ohio-6716.

**{¶13}** As a result, we dismiss Buttermore's appeal in Case No. 2012CA00004.

**{¶14}** In Case No. 2012CA00071, Buttermore assigns as error:

**{¶15}** "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE MOTION FOR RELIEF FROM JUDGMENT BASED SOLELY UPON THE FACT THAT THE DISMISSAL ENTRY WAS NOT SELF-EXECUTING AND THAT THE TRIAL COURT MAINTAINED JURISDICTION TO ENTER THE DEFAULT JUDGMENT."

**{¶16}** Similar to the argument he presented in his earlier motion to vacate, Buttermore reasserts the trial court's March 12, 2010 Judgment Entry was void for lack of jurisdiction because the case had been dismissed. In his November 14, 2011 Motion for Relief, Buttermore argued default judgment was granted "…more than three months after the Court filed an entry that the case had been settled **and dismissed**. On

November 19, 2009, the Court filed an entry stating '**Matter Settled and Dismissed Entry to Follow**.'" (emphasis added.).

{¶17} Our review of the November 19, 2009 Judgment Entry reveals the trial court did not indicate the case was dismissed. We agree with the trial court, the entry was clearly not self-executing as it specifically directed the parties to file a complete judgment entry. We agree with the trial court it maintained jurisdiction to enter default judgment against Buttermore.[2]

{¶18} Having previously determined Buttermore's argument the trial court lacked jurisdiction to grant default judgment is barred by res judicata, Buttermore, nevertheless, asserts the same circumstances "…should at least constitute grounds justifying relief under Civil Rule 60(B)(5)". November 14, 2011 Motion for Relief from Default Judgment.

{¶19} While couched under Civ.R. 60(B)(5), (the general manifest injustice prong), we find Buttermore's motion actually raises a claim under Civ.R. 60(B)(1), the excusable neglect prong. Civ.R. 60(B)(5) is not a substitute for the enumerated grounds for relief from judgment, including Civ.R. (60)(B)(1) and its provisions for vacating judgments on the basis of excusable neglect. *Maggiore v. Barensfeld*, 2012-Ohio-2909.[3] Motions for relief under Civ.R. 60(B)(5) should be granted "only in extraordinary and unusual cases when the interest of justice warrant it." *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97.

---

[2] To the extent Buttermore argues the clerk's docket entry effectuated a dismissal, we reject such argument because it is established a court speaks through its journal entries, not through its docket sheet. *Bennett v. Cardarelli*. (Sept. 14, 1994) Summit App. No. 16685; 1994 WL 518353.

[3] Considered as a Civ.R. 60(B)(1) motion, Buttermore's motion was untimely per the rule.

{¶20} We find the trial court did not abuse its discretion when it overruled Buttermore's motion for relief from judgment.

{¶21} Buttermore's sole assignment of error is overruled.

{¶22} The judgment of the trial court is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

CITIMORTGAGE, INC.                    :
                                      :
        Plaintiff-Appellee            :
                                      :
-vs-                                  :        JUDGMENT ENTRY
                                      :
DAVID M. BUTTERMORE                   :
                                      :
        Defendant-Appellant           :        Case No. 2012CA00004


        For the reason set forth in this Court's accompanying Opinion, this appeal is

ordered dismissed.  Costs to Appellant.



                                      s/ William B. Hoffman_____
                                      HON. WILLIAM B. HOFFMAN


                                      s/ W. Scott Gwin_____
                                      HON. W. SCOTT GWIN


                                      s/ John W. Wise_____
                                      HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

CITIMORTGAGE, INC.            :
                                     :
      Plaintiff-Appellee       :
                                     :
-vs-                              :          JUDGMENT ENTRY
                                     :
DAVID M. BUTTERMORE     :
                                     :
      Defendant-Appellant  :          Case No. 2012CA00071

For the reason set forth in this Court's accompanying Opinion, the judgment of

the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.


s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN


s/ John W. Wise _____
HON. JOHN W. WISE