[Cite as *In re Estate of Montgomery*, 2014-Ohio-1401.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. 13 JE 20 |
| | ) | |
| THE ESTATE OF | ) | |
| THEODIS MONTGOMERY, | ) | OPINION |
| DECEASED | ) | |
| | ) | |
| | ) | |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Civil Appeal from the Court of Common Pleas, Probate Division, of Jefferson County, Ohio Case No. 04 ES 297 |
| JUDGMENT: | Affirmed. |
| APPEARANCES: | |
| For Plaintiff-Appellant: | Theodis Montgomery, Jr., Pro se #590-993 Trumbull Correctional Institution P.O. Box 901 Leavittsburg, Ohio 44430 |
| For Defendant-Appellee: | Atty. William Haynes Jr. 803 Franklin Rd. Toronto, Ohio 43953 |

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: March 31, 2014

WAITE, J.

{¶1} Pro se Appellant Theodis Montgomery, Jr., appeals the judgment of the Jefferson County Court of Common Pleas, Probate Division, overruling his motion to vacate the final accounting in the estate of Theodis Montgomery, Sr. (Appellant's father). Appellant disputes the disposition and valuation of two vehicles that were distributed to him during the administration of the estate. The distribution of the vehicles was approved in January of 2012 without objection, and the final accounting was approved in February, 2012, also without objection. Appellant filed his motion to vacate in August of 2012, and a hearing on the motion was held in May of 2013. Appellant was incarcerated at the time of the hearing, but his counsel appeared. The trial court determined that Appellant's motion to vacate as a substitute for an objection to the final accounting, and overruled the objection as untimely filed. Appellant's counsel asked the court to continue the hearing until Appellant was released from prison in February of 2014, but this motion was denied. Appellant contends that it was error to deny the request for a continuance, and error to overrule his motion to vacate, primarily because he claims he did not receive notice of the final accounting hearing.

{¶2} In Appellant's current appeal, he attempts to raise issues that should have been raised in a direct appeal of the February, 2012 final judgment. Appellant did not appeal that judgment. Hence, any alleged errors that could have been raised in a timely appeal are considered waived and the issues regarding distribution of the vehicles is *res judicata*. The trial court possesses broad discretion to grant or deny a motion to continue, and there was no error in denying Appellant's motion. Finally, the

record reflects that Appellant received a copy of the final account, which contained a notice of the hearing date and time. The judgment of the trial court is affirmed.

## History of the case

**{¶3}** Theodis Montgomery, Sr., died intestate on June 2, 2004. His estate consisted of some real property, a few vehicles, and some personal property. The case lingered in probate court for many years due to a dispute with a bank that claimed to own a mortgage on some of the real estate. On December 27, 2011, the administrator filed a schedule of property to be distributed in kind. The list consisted of household goods valued at $500, and four vehicles. Appellant was scheduled to receive two vehicles (a 1998 Cadillac Deville and a 1993 Ford Ranger). Appellant had actually been using a 2001 Pontiac Grand Am that was part of the estate and totally damaged the car in an accident, so he was credited with receiving the Grand Am rather than the Ford Ranger. Additionally, Appellant took possession of the Cadillac before the title was transferred to him. The Cadillac was impounded after Appellant was stopped for a traffic violation, and sold for scrap due to non-payment of impoundment fees. Appellant was credited with having received the Cadillac as well. There is no dispute that Appellant took the Cadillac without having title to the vehicle, that it was impounded while in his possession during a traffic stop, that the car was never redeemed from the impound lot and was sold, and that he totaled the Grand Am. A hearing on the distribution in kind was set for January 10, 2012. Appellant received notice of the hearing. No objections or exceptions were filed and the distribution in kind was approved by the court on January 10, 2012.

**{¶4}** The final account was filed on January 12, 2012. The administrator delivered copies of the proposed final accounting to the beneficiaries, and that copy contained a notice of the final hearing date and time, which was set for February 28, 2012. No objections or exceptions were filed and the court approved the final accounting on February 28, 2012.

**{¶5}** On August 8, 2012, Appellant filed a motion to enforce terms of a settlement agreement regarding the estate. On August 20, 2012, Appellant filed a motion to vacate the final accounting. A hearing on the motions was scheduled for May 14, 2013. On April 13, 2013, Appellant filed a motion to continue the hearing and suspend the pending motions. The May 14, 2013 hearing took place as scheduled. Appellant did not appear at the hearing because he was incarcerated at the time, but he was represented by counsel. His counsel requested a continuance until Appellant was released from prison, which was scheduled for February of 2014. Counsel also argued Appellant's objections to the final accounting. Counsel did not mention or raise as error Appellant's alleged lack of notice of the February 28, 2014, hearing. On July 8, 2013, the trial court overruled both the oral motion for continuance and the motion to vacate. The trial court determined that the motions were nothing more than belated objections to the final accounting. As such, the objections had been waived. This appeal followed. Appellant presents three *pro se* assignments of error that will be treated together.

<u>ASSIGNMENTS OF ERROR</u>

APPELLANT WAS DENIED DUE PROCESS WHEN THE ESTATE ATTORNEY AND FIDUCIARY FAILED TO PROVIDE PROPER

NOTICE TO THE APPELLANT AND SUCH LETTER SENT BY ESTATE ATTORNEY FAILS THE DUE PROCESS OF SUFFICIENT NOTICE. PROBATE COURT ABUSED IT'S DISCRETION WHEN IT DENIED HIS ALLEGED OBJECTIONS TO THE FIDUCIARY'S FINAL DISTRIBUTED ACCOUNT BASED UPON FAILURE TO TIMELY FILE IN ACCORDANCE WITH R.C. 2109.33, WHEN IN FACT APPELLANT WAS NOT SERVED WITH NOTICE OF THE IMPENDING HEARING ON SAID ACCOUNT, I.E THE DATES, TIMES LOCATION AND THE ADDITIONAL NOTICE REQUIREMENTS PURSUANT TO 2109.33.

THAT THE PROBATE COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT DISMISSED THE MOTION TO CONTINUE HEARING AND TO SUSPENDED MOTION FILED BY ATTORNEY ALLEN OF [SIC] BEHALF OF (APPELLANT) BASED ON THE FINDING THAT THE MOTIONS FILED BY APPELLANT WERE UNTIMELY.

THAT THE PROBATE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT CONSTRUED THE CLEARLY TITLED MOTION TO VACATE, REMOVE FIDUCIARY AND APPOINT A GUARDIAN AD LITEM, INTO A DE-FACTO OBJECTION TO THE FINAL DISTRIBUTE ACCOUNT WHEN THE (APPELLANT) CLEARLY WAS NOT SERVED WITH NOTICE OF THE HEARING ON THE ACCOUNT IN ACCORDANCE WITH R.C. 2109.33 AND THEREFORE,

WAS "NOT A PARTY TO THE PROCEEDING IN WHICH THE ORDER WAS MADE" AND "HAD NO KNOWLEDGE OF THE PROCEEDING IN TIME TO APPEAR IN IT." PURSUANT TO R.C. 2109.35.(B).

**{¶6}** Appellant contends that the court should have granted his motion to vacate the final accounting, or at least should have granted a continuance so that he could be present at the motion hearing because he was incarcerated at the time. The order of the probate court in settlement of the account has the effect of a judgment and may only be vacated as provided for in R.C. 2109.35. *Urban v. Styblo*, 8th Dist. Nos. 51908, 51909, 1987 WL 9622 (Apr. 9, 1987). The only section of R.C. 2109.35 that applies to Appellant is section (A), which allows any person affected by the final accounting to file a motion to vacate the judgment entry within one year. The motion to vacate, under section (A), must establish that fraud has occurred in order for the accounting to be vacated. Although Appellant used the word "fraud" once in his August 20, 2012 motion to vacate, the substance of the motion simply challenges the distribution to him of two vehicles, the valuation of those vehicles, and alleges that he did not receive proper notice of the hearing to approve the final accounting. Appellant's counsel admitted at the May 14, 2013, hearing that he was not alleging fraud. Instead, he was questioning the valuations and other numbers used in the accounting. (5/14/13 Tr., p. 9.) These are not proper topics for a R.C. 2109.35 motion, and Appellant's motion must be interpreted pursuant to other legal principles in order to be valid.

**{¶7}** Although the trial court interpreted Appellant's motion as an untimely filed objection to the final accounting, the motion was more akin to a Civ.R. 60(B)

motion to vacate. Civ.R. 60(B) may be used to vacate a final judgment on grounds of new evidence, excusable neglect, surprise, misrepresentation by a party, or any other reason that seems equitable to the court. The reasons Appellant set forth for vacating the final accounting fit into the categories listed in Civ.R. 60(B). The most significant aspect of Civ.R. 60(B) for this appeal, however, is that a Civ.R. 60(B) motion to vacate cannot be used as a substitute for a direct appeal. *Key v. Mitchell*, 81 Ohio St.3d 89, 689 N.E.2d 548 (1998); *Bombardier Capital, Inc. v. W.W. Cycles, Inc.*, 155 Ohio App.3d 484, 2003-Ohio-6716, 801 N.E.2d 900 (7th Dist.). Appellant's Civ.R. 60(B) motion to vacate was fatally flawed because it was clearly intended as nothing more than an untimely substitute for a direct appeal of the February 28, 2012, final judgment. He alleged errors in the valuation and distribution of estate assets. These matters could have been reviewed in a direct appeal of the February 28, 2012, final judgment. The 30-day period to file an appeal in App.R. 4(A) is jurisdictional and may not be enlarged by an appellate court. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60, 531 N.E.2d 713 (1988); App.R. 14(B). Appellant missed this deadline, and he cannot belatedly raise issues that should have been raised in a prior direct appeal by trying to raise them pursuant to Civ.R. 60(B).

{¶8} Appellant's motion to vacate was untimely for another reason. His reasons for vacating the final accounting relate to the distribution and valuation of the vehicles credited to him in the January 10, 2012, distribution order. The distribution and valuation of these vehicles was the subject of the January 10, 2012, hearing. Appellant received notice of this hearing. He did not attend the hearing and did not

object to the distribution at any time prior to filing his August, 2012 motions. Because Appellant did not object to the distribution and valuation at the hearing set for this matter, he has waived any errors in the distribution. "[A] party is required to apprise the trial court of any material and prejudicial errors at the earliest opportunity in order to allow the trial court to correct the error." *Knox v. Knox*, 7th Dist. No. 04 JE 24, 2006-Ohio-1154, ¶86, citing *LeFort v. Century 21–Maitland Realty Co.*, 32 Ohio St.3d 121, 123, 512 N.E.2d 640 (1987). Since Appellant did not raise the alleged error at the proper time, the doctrine of *res judicata* also acts to prevent subsequent review of the matter. This doctrine bars further litigation of issues that were previously raised or could have been previously raised. *National Amusements, Inc. v. City of Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990).

{¶9} Appellant's main argument on appeal is that the final accounting was not valid because he did not receive proper notice of that hearing. The record contains the estate administrator's certification of service of account, as required by R.C. 2109.32(B)(2), giving notice to the trial court that file-stamped service copies of the final account (including the entry setting the hearing date and time) were delivered to all beneficiaries required by the statute. Thus, it appears that notice was sent to Appellant. Furthermore, Appellant's counsel did not raise this argument at the hearing on the motion to vacate held on May 14, 2013. Appellant cannot raise the matter of notice for the first time on appeal, particularly when Appellant was provided an opportunity to make the argument to the trial court and did not. Finally, whether he received proper notice of the final accounting hearing is not particularly relevant, because the errors he tried to raise in his motion to vacate the final accounting

should have been raised at the January 10, 2012, hearing, and there is no question that he received notice of that hearing and failed to attend.

**{¶10}** Regarding the trial court's decision not to grant a continuance of the May 14, 2013, hearing, a trial court's denial of a motion for continuance is only reviewed for abuse of discretion. *Theisler v. DiDomenico*, 140 Ohio App.3d 379, 383, 747 N.E.2d 859 (7th Dist.2000). An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). Incarceration is not generally a valid excuse for requesting a continuation, at least in civil cases. *Lopshire v. Lopshire*, 11th Dist. No. 2008-P-0034, 2008-Ohio-5946. In addition, it is obvious that a continuance of the motion hearing would have been futile in this case because the motion was obviously untimely for the reasons already cited. They were untimely with respect to the January 10, 2012, hearing, which is where any alleged errors regarding the distribution of the vehicles should have first been raised. They were untimely with respect to the deadline for raising exceptions to the final accounting, which is five days prior to the final hearing held on February 28, 2012. R.C. 2109.33. They were untimely with respect to filing a direct appeal of the February 28, 2012, final judgment. As it is clear that the objections were untimely for multiple reasons, the trial court was within its discretion to deny a futile motion for continuance.

## Conclusion

**{¶11}** Appellant's motion to vacate was an attempted substitute for a direct appeal of the final judgment approving the final accounting of the decedent's estate.

Instead of filing a direct appeal, Appellant filed what was essentially a Civ.R. 60(B) motion to vacate the final accounting. A Civ.R. 60(B) motion cannot be used as a substitute for direct appeal. Therefore, any challenges to the accounting, including the decision to award the value of two vehicles to Appellant, are waived in this appeal. Furthermore, Appellant should have raised this alleged error at the distribution hearing on January 10, 2012, or as exceptions to the final accounting prior to the February 28, 2012, hearing. Appellant did none of these things. The trial court was correct in overruling the motion to vacate because it was untimely filed. The trial court's decision to deny a motion to continue the hearing was within the court's discretion. Appellant's incarceration was not a valid reason to grant the continuance and any continuance would have been futile. Finally, even if we reached the merits of Appellant's argument regarding whether he received notice of final hearing, the record reflects that he did receive this notice. Appellant's three assignments of error are overruled and the judgment of the trial court is affirmed.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.