The STATE of Ohio, Appellee,

v.

WILSON, Appellant.

[Cite as *State v. Wilson* (1995), 102 Ohio App.3d 467.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 3102.

Decided March 31, 1995.

*Denise L. Gretz* and *Kathryn A. Reckley,* Assistant Municipal Prosecutors, Springfield City Prosecutor's Office, for appellee.

*James D. Marshall,* Greene County Assistant Public Defender, for appellant.

GRADY, Judge.

Defendant Thomas E. Wilson appeals from his conviction for driving while under suspension, in violation of R.C. 4507.07. Wilson argues that his conviction was in error because his operator's license had not been suspended according to law. We agree, and reverse Wilson's conviction for driving under suspension.

In 1991, Wilson was convicted in the Clark County Municipal Court of several violations of the Traffic Code, including R.C. 4511.20. Wilson was fined and ordered to pay court costs. By agreement with the clerk of the municipal court, Wilson agreed to pay the amounts he owed in four monthly installments.

Wilson defaulted on his agreement with the clerk, failing to pay the amounts due. On April 1, 1992, the clerk mailed a declaration of forfeiture of Wilson's driver's license to the Ohio Bureau of Motor Vehicle ("BMV"). On April 22, 1992, the BMV cancelled Wilson's operator's license and mailed notification of its action to him.

On December 12, 1992, Wilson was charged with driving under suspension, in violation of R.C. 4507.02(D)(1), in the current case.

Prior to trial, Wilson filed a motion in limine to exclude proof of the cancellation of his license by the BMV, arguing that the declaration of forfeiture issued

by the clerk of the municipal court on April 1, 1992, was invalid as a basis for cancellation by the BMV. The motion was denied.

Wilson properly renewed his objection at trial when the state sought to prove the suspension violation by introduction of records from the BMV. The objection was overruled.

Wilson was convicted upon a jury verdict and sentenced by the court for driving under suspension. He filed a timely notice of appeal and presents a single assignment of error:

"The trial court erred to appellant's prejudice by overruling appellant's objection to admitting into evidence state's Exhibit 'B'; which are records from the Ohio Bureau of Motor Vehicles."

In support of his assignment of error Wilson presents four issues for review:

"(1) The agencies involved were not authorized by law to cancel Appellant's driver's license and, therefore, the cancellation of Appellant's driver's license was not valid;

"(2) The Ohio Bureau of Motor Vehicles did not notify Appellant that he was entitled to a hearing and, therefore, the cancellation of Appellant's driver's license was not valid;

"(3) The letter from the Ohio Bureau of Motor Vehicles does not comply with applicable law in that it does not cite the law or rule that allowed for the cancellation of Appellant's driver's license;

"(4) Failure to comply with the statutory requirements for cancellation of a license, failure to notify Appellant that he has a right to request a hearing, and failure to state the appropriate statute by number designation deprived Appellant of due process of law pursuant to the Fifth and Fourteenth Amendments of the United States Constitution and deprived Appellant of due course of law pursuant to Article I, Section 16 of the Ohio Constitution."

These issues are to some extent interrelated, and to some extent go beyond the scope of the assignment of error presented. They will be addressed as necessary to dispose of the error assigned.

Wilson's operating privileges were suspended by the BMV pursuant to R.C. 4507.168(A), which provides:

"If a person who has a current valid Ohio driver's or commercial driver's license is charged with a violation of any provision in sections 4511.01 to 4511.76, section 4511.84, any provision in sections 4513.01 and 4513.65, or any provision in sections 4549.01 to 4549.65 of the Revised Code that is classified as a misdemeanor of the first, second, third, or fourth degree or with a violation of any municipal ordinance that is substantially comparable to any provision of any of these

sections and *if the person* either fails to appear in court at the required time and place to answer the charge or pleads guilty to *or is found guilty of the violation and fails within the time allowed by the court to pay the fine imposed by the court, the court shall declare the forfeiture of the person's license.* Thirty days after the declaration of forfeiture, the court shall forward the person's license, if it is in the possession of the court, or a copy of the declaration of forfeiture, to the registrar of motor vehicles. The *registrar shall cancel the person's driver's or commercial driver's license,* send written notification to the person of the cancellation at his last known address and, if the person is in possession of the license, order him to surrender his driver's or commercial driver's license to the registrar within forty-eight hours. * * * "

Wilson does not argue that he paid his fine within the time allowed by the court. Wilson argues, instead, that the declaration of forfeiture resulting from a failure to pay contemplated by R.C. 4507.168(A) must be by the court itself, not by its clerk, in order to trigger the license cancellation by the BMV required by R.C. 4507.168(A).

The judicial power of the state of Ohio is vested in its constitutional courts, the Supreme Court, the courts of appeals, and the courts of common pleas, and such other courts as may be established by law. Section 1, Article IV, Ohio Constitution. Municipal courts are created by statute. R.C. Chapter 1901. Both constitutional and statutory courts are clothed with the judicial power and may exercise that power to the extent of their jurisdiction. Exercise of that power in any manner which determines the individual rights of any person is reserved to the judge or judges of each of those courts, who holds office according to law and is commissioned to exercise the judicial power of his or her court.

There are numerous and varied examples of the exercise of judicial power, which defies ready definition other than by example. Nevertheless, it may reasonably be said that the judicial power is the power to decide and pronounce a judgment and carry it into effect in a controversy between two or more persons who by right bring that case before the court for its decision. Such decisions usually, but do not always, involve an exercise of discretion by the judicial officer who makes them.

A clerk of courts is a ministerial officer, one who performs a fixed and designated function that involves no exercise of discretion. The clerk makes and has custody of the court's records, has the power to certify the correctness of transcripts from those records, and files the court's papers, enters its judgments, and issues writs and process in the court's name. The clerk is an arm of the court in these respects, doing acts which a judge of the court would otherwise do.

See, 22 Ohio Jurisprudence 3d (1980) 288–289, Courts and Judges, Section 180. The clerk is not a judicial officer, and cannot perform judicial duties or act in exercise of the judicial power. See, *e.g., Mellinger v. Mellinger* (1906), 73 Ohio St. 221, 76 N.E. 615.

Not every judicial duty involves an exercise of discretion. Some judicial duties are ministerial, duties of a judge incident to the judicial power. Generally, those ministerial duties of a judge may be delegated to the clerk by statute or by court order. Examples include the power to administer oaths. *Warwick v. State* (1874), 25 Ohio St. 21. Those duties which do involve the exercise of judicial power are reserved to the judge and may not be delegated, by statute, order, or rule. Any determination of a fact or legal principle upon which the rights of one or more of the parties before the court is decided is an exercise of the judicial power which may not be delegated to the clerk. *Hocking Valley Ry. Co. v. Cluster Coal & Feed Co.* (1918), 97 Ohio St. 140, 119 N.E. 207.

Attached to the brief filed by defendant-appellant Wilson is a copy of an administrative entry by the presiding judge of the Clark County Municipal Court, which was filed September 20, 1991. It is captioned "In the Matter of License Forfeitures" and states:

"Pursuant to ORC 2937.221, ORC 2935.27, and ORC 4507.168 allowing the court to forfeit a defendant's Ohio driver's license for failure to appear or failure to pay, it is hereby ordered that the driver's license of any defendant determined to meet the qualifications of the above cited section codes shall be declared forfeited by this court, the necessary paperwork completed and mailed to the Ohio Bureau of Motor Vehicles."

Plaintiff-appellee state of Ohio has not filed a brief in this case. Therefore, pursuant to App.R. 18(C), we accept the appellant's statement of the facts and issues as correct.

The cancellation of Wilson's license by the BMV on April 22, 1992, was required by the declaration of forfeiture mailed to the BMV by the clerk of court on April 1, 1992. It is unclear from this record when that declaration, which was entered in another case, was actually filed. However, if it was sent to the BMV less than thirty days after it was entered or filed, that action was contrary to the requirements of R.C. 4507.168(A).

More significant, however, is the fact that the declaration of forfeiture was not entered by a judge of the municipal court but by its clerk. That was possibly done by the clerk pursuant to the administrative order quoted above. However, that declaration of forfeiture is not a mere ministerial act. It is an exercise of the judicial power because it was based on a finding of fact: that Wilson had failed to pay his fine within the time allowed by the court. For that reason, and because

the declaration was a judgment on a question of property, due process of law required its determination by a judge of the court, after Wilson had received notice and an opportunity to be heard. *Doyle v. Ohio Bur. of Motor Vehicles* (1990), 51 Ohio St.3d 46, 554 N.E.2d 97. Therefore, the declaration by the clerk of courts was not merely voidable for error, but void, notwithstanding the prior administrative order of the court.

In contrast to the declaration of forfeiture provided by R.C. 4507.168(A), the remaining steps required of the court by the statute may be delegated to the clerk. Forwarding the person's license or a copy of the declaration to the BMV after thirty days is an incident to the exercise of judicial power in the declaration and involves no exercise of discretion. It involves duties ordinarily committed to the clerk as custodian of the court's records. Therefore, the clerk may perform those functions, and the driver whose operating privileges are involved is not entitled to notice of the mailing.

Wilson also argues that the BMV was required to give Wilson notice and an opportunity to be heard before it cancelled his license and ordered him to surrender it pursuant to R.C. 4507.168(A). Wilson relies on R.C. 119.06 and 119.07. However, those statutes concern suspension of a license without a prior hearing. If the municipal court conducts a hearing on the declaration of forfeiture, no separate notice or hearing by the BMV is required in order to permit it to carry out the cancellation required by the declaration of forfeiture ordered by the municipal court.

Wilson also argues that the notice of cancellation he received from the BMV was improperly drawn because statutes not applicable to the facts of his case were cited as a basis for it. However, this issue is rendered moot by our finding that the suspension resulting from a cancellation of Wilson's license by the BMV was ineffective.

Because we have found that the declaration of forfeiture of Wilson's driver's license by the clerk of the municipal court was void, it necessarily follows that the cancellation of the license by the BMV pursuant to that declaration was ineffective to suspend Wilson's driving privileges. Therefore, the assignment of error is sustained. The judgment of the trial court is reversed, and Wilson's conviction for driving under suspension on December 12, 1992, is set aside.

*Judgment reversed.*

BROGAN, P.J., and FAIN, J., concur.