OPINION
Defendant-appellant Michael T. Kovacs appeals the November 14, 1997 Judgment Entry of the Licking County Municipal Court which denied his Motion for Reinstatement of License. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
Appellant was arrested on May 24, 1993, for operating a motor vehicle while under the influence of alcohol; following to closely; and a seat belt violation. On November 5, 1993, appellant was found guilty and was sentenced on said charges.
Before serving his jail sentence on the driving under the influence conviction, appellant was sentenced to an Ohio State correctional facility by the Licking County Court of Common Pleas on an unrelated case. Upon release, appellant moved the trial court to credit him for time served on the felony pursuant to R.C.2929.41(A). The trial court denied the motion. Appellant appealed the decision to this Court. This Court reversed the trial court's decision and remanded the matter to the trial court.
Upon remand, the trial court issued a Judgment Entry filed November 29, 1995, giving appellant credit for time served (on the Licking County Court of Common Pleas case) and ordered his fines suspended. The trial court further ordered "all other terms of defendant's sentence shall take full force and effect immediately."
Thereafter, on December 1, 1995, a deputy clerk of the Licking County Municipal Court sent appellant a letter informing him $345.95 [court costs] was due on his case and failure to mail the amount due by April 26, 1996, could result in forfeiture of his operator's license and/or issuing of a bench warrant for his arrest. The letter did not require appellant to appear in court at a required time and place. Appellant was still incarcerated in State prison at the time the letter was sent.
On April 26, 1996, a deputy clerk for the Licking County Municipal Court issued a Declaration of Forfeiture of appellant's license because of appellant's failure to appear or satisfy the court judgment pursuant to R.C. 4507.168. The forfeiture was based solely upon appellant's failure to pay the court costs. The Declaration did not require appellant to appear in court. The Declaration contains an order to forward it (the Declaration of Forfeiture) to the Bureau of Motor Vehicles 30 days after April 26, 1996. The Declaration was signed by the deputy clerk, not the judge.
On November 7, 1997, appellant filed his Motion for Reinstatement of License. Via Judgment Entry filed November 14, 1997, the Licking County Municipal Court denied the motion. It is from that Judgment Entry appellant prosecutes this appeal assigning as error:
 I. THE COURT ERRED IN SUSPENDING/FORFEITING APPELLANTS OHIO OPERATORS LICENSE FOR FAILURE TO PAY COURT COSTS.
 II. THE COURT ERRED IN ALLOWING THE DEPUTY CLERK OF COURTS TO CANCEL/FORFEIT APPELLANTS OHIO OPERATORS LICENSE.
 III. THE COURT ERRED IN NOT SCHEDULING A TIME OR PLACE TO APPEAR TO ANSWER THE REQUEST FOR PAYMENT OF COURT COSTS.
 I
R.C. 4507.168 states, in pertinent part:
 ". . . If the person either fails to appear in court at the required time and place to answer the charge or plead guilty to, or is found guilty of the violation and fails within the time allowed by the court to pay the fine imposed by the court, the court shall declare the forfeiture of the person's license."
Appellant contends the aforementioned statute provides for forfeiture only for failure to pay fine(s), not court costs. We agree. The legal maxim, expressio unius exclusio alterius,
applies to the instant situation. Had the legislature intended to allow forfeiture of a person's license for failure to pay court costs, it could have easily done so. If the failure to include such language was mere legislative oversight, the remedy lies with the General Assembly, not the courts. We note appellee offers no authority to the contrary, but merely states its "opinion that the statute covers court costs as well." (Appellee's Brief at 3).
Appellant's first assignment of error is sustained.
 II
Although not necessary to resolve this appeal, in light of our disposition of appellant's first assignment of error, we agree with our brethren from the Second District, as enunciated in Statev. Wilson (1995), 102 Ohio App.3d 467, the declaration of forfeiture must be entered by a judge of the municipal court, not its clerk, because such act constitutes an exercise of judicial authority. We come to this conclusion notwithstanding appellee's argument ". . . to require that a Judge personally sign the forfeiture notice . . . would place an onerous burden on the Judge's time." (Appellee's Brief at 5).
Appellant's second assignment of error is sustained.
 III
In light of our disposition of appellant's first assignment of error, we find this assignment of error moot.
The judgment of the Licking County Municipal Court is reversed.
By: Hoffman, J., Gwin, P.J. and Reader, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court is reversed and the case remanded to that court with instructions to vacate the forfeiture of appellant's license and immediately notify the Bureau of Motor Vehicles of the same. Costs assessed to appellee.