[Cite as *State v. Short*, 2012-Ohio-2546.]

IN THE COURT OF APPEALS FOR DARKE COUNTY, OHIO

STATE OF OHIO                                       :

      Plaintiff-Appellee                      :           C.A. CASE NO.    2011 CA 16

v.                                                 :           T.C. NO.    10 TRC 001 1273

JAMES R. SHORT                                     :              (Criminal appeal from
                                            Municipal Court)

      Defendant-Appellant                     :

                                                   :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the ___8th___ day of ___June___, 2012.

· · · · · · · · · ·

JESSE GREEN, Atty. Reg. No. 0040265, 504 S. Broadway Street, Courthouse, Greenville, Ohio 45331
      Attorney for Plaintiff-Appellee

JAMES R. SHORT, P. O. Box 127, Versailles, Ohio 45380
      Defendant-Appellant

· · · · · · · · · ·

DONOVAN, J.

{¶ 1}     This matter is before the Court on the pro se Notice of Appeal of James R.

Short, filed September 7, 2011. Short was previously determined to be a vexatious litigator,

and this Court approved the filing of his Appeal on September 15, 2011. Short appeals from the Darke County Municipal Court's Judgment Entry of August 9, 2011, which ordered the forfeiture of Short's driver's license due to his failure to pay court costs as previously ordered by the court on June 11, 2010. The State did not file a responsive brief.

{¶ 2} In February 2010, Short was issued a citation and arrested for having physical control of a vehicle while under the influence, in violation of R.C. 4511.194, a misdemeanor of the first degree. Following a jury trial, Short was convicted on June 11, 2010. The Darke County Municipal Court sentenced Short to 180 days in jail, with one day suspended, it imposed a fine of $1000.00, which it suspended in its entirety, and it imposed court costs of $1239.00, along with a "deferred fee" of $25.00, for a total due of $1264.00. The court further suspended Short's driver's license for one year. We note that a transcript of Short's sentencing is not before us. We further note that subsequent to the August 9, 2011 Judgment Entry ordering forfeiture of his license, Short filed a Motion for Hearing and Stay, which the municipal court denied.

{¶ 3} We initially note that Short's brief does not comply with the requirements of Rule 16 of the Ohio Rules of Appellate Procedure, which provides that an appellate brief must contain a statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected, as well as a statement of the issues presented for review. Short argues that there "is no law to allow" the municipal court to suspend his driver's license for failure to pay court costs. Short attached the Notice of Suspension he received from the Bureau of Motor Vehicles to his brief, and it provides that the municipal court "ordered the forfeiture of your privileges because you failed to appear or

failed to comply with a court order. This forfeiture will not end until you comply with all court orders." The Notice indicates that Short's license is suspended in accordance with the Ohio Revised Code, and it specifically cites R.C. 4510.22, 2937.221[1], and 2935.27[2].

**{¶ 4}** R.C. 4510.22 governs license forfeiture upon failure to appear in court or pay *fines*. A "major distinction between fines and costs exists." *Strattman v. Studt,* 20 Ohio St.2d 95,102, 253 N.E. 2d 749 (1969). R.C. 2949.111(A)(1) defines "court costs" as "any assessment that the court requires an offender to pay to defray the costs of operating the court." "Court costs are not financial sanctions. * * *." *State v. Lux*, 2d Dist. No. 2010 CA 30, 2012-Ohio-112, ¶ 45. This Court has determined that "statutory provisions for payment of court costs were not enacted to serve a punitive, retributive, or rehabilitative purpose, as are fines." *Strattman*. "As for the nonpayment of the defendant's *costs*, [this court] followed the principle that '[a] judgment for costs in a criminal traffic case is a civil, not a criminal obligation, and may be collected only by the methods provided for the collection of civil judgments.' (Citation omitted)." *State v. Ellis*, 2d Dist. No. 22189, 2008-Ohio-2719, ¶ 19. In other words, "an order to pay court costs is essentially a judgment on a contractual debt where the court is the creditor and the party ordered to pay court costs is the debtor." *Id.*, ¶ 20. *See State v. Kovacs*, 5th Dist. Licking No. 97CA156, 1998 WL 345535 (June 18, 1998) (interpreting the former version of R.C. 4510.22 and holding, "[h]ad the legislature intended to allow forfeiture of a person's driver's license for failure to pay court costs, it

---

[1]R.C. 2937.221 governs the use of a driver's license as bond in certain traffic violation arrests.

[2]R.C. 2935.27 governs alternatives for security for appearance for a minor misdemeanor offense.

could have easily done so.")

{¶ 5}    R.C. 2947.23 governs court costs, and pursuant thereto, "a trial court is required to impose court costs against all convicted defendants, even those who are indigent. However, 'despite the mandatory language * * * requiring the imposition of court costs, a trial court may waive the *payment* of costs. " *Lux,* ¶ 46.   "A defendant seeking a waiver of the payment of court costs must move for such a waiver at sentencing. * * *."  *Id.,*  ¶ 47.

{¶ 6}    R.C. 2947.23(A) requires a court at sentencing to notify the defendant of the following:

> (a) If the defendant fails to pay that judgment * * * the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid * * *.

> (b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit per hour of community service performed, and each hour of community service will reduce the judgment by that amount.

{¶ 7}    R.C. 2947.23(B) defines a hearing process to be used after a defendant has failed to pay a judgment for costs and provides as follows:

> If a judge or magistrate has reason to believe that a defendant has failed to pay the judgment described in division (A) of this section * * * , the judge or magistrate shall hold a hearing to determine whether to order the offender to perform community service for that failure.   The judge or magistrate shall notify both the defendant and the prosecuting attorney of the

place, time, and date of the hearing and shall give each an opportunity to present evidence. If, after the hearing, the judge or magistrate determines that the defendant has failed to pay the judgment or to timely make payments under the payment schedule and that imposition of community service for the failure is appropriate, the judge or magistrate may order the offender to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the judge or magistrate is satisfied that the offender is in compliance with the approved payment schedule. If the judge or magistrate orders the defendant to perform community service under this division, the defendant shall receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed shall reduce the judgment by that amount. Except for the credit and reduction provided in this division, ordering an offender to perform community service under this division does not * * * preclude the state from taking any other action to execute the judgment.

{¶ 8} We agree that the municipal court lacked authority to order the forfeiture of Short's license for his failure to pay court costs. Accordingly, the court's order of forfeiture of Short's driver's license is vacated.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Jesse Green
James R. Short
Hon. Julie L. Monnin
Bureau of Motor Vehicles