[Cite as *State v. DeWitt*, 2014-Ohio-162.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### HENRY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                 CASE NO. 7-13-07

      v.

CAREY E. DEWITT,                      O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Napoleon Municipal Court
Trial Court No. 11TRC0235

**Judgment Reversed and Cause Remanded**

**Date of Decision: January 21, 2014**

APPEARANCES:

    *Carey E. DeWitt,* **Appellant**

    *Trevor M. Hayberger* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Carey E. DeWitt ("DeWitt") brings this appeal from the judgment of the Napoleon Municipal Court denying DeWitt's motion to return his property. For the reasons set forth below, the judgment is reversed.

{¶2} On May 16, 2011, DeWitt entered a no contest plea to one count of having physical control of a vehicle while under the influence of alcohol, in violation of R.C. 4511.194(B)(1). Doc. 11. The trial court found DeWitt to be guilty and sentenced him to 30 days in jail, with 20 days conditionally suspended, along with a fine of $1,000. *Id*. The ten day jail term was served starting July 22, 2011. Doc. 25. DeWitt allegedly did not pay his court costs and fines. On March 12, 2013, the docket reflects that a "forfeiture with the BMV" was to be initiated. The record does not contain an entry ordering that this occur. The docket then reflects that on March 19, 2013, the license forfeiture was submitted.

{¶3} On April 2, 2013, DeWitt filed a motion to have his property returned and requested that the trial court lift the license forfeiture. Doc. 36. DeWitt failed to serve the motion on the State. *Id*. The trial court denied DeWitt's motion on May 22, 2013. Doc. 37. DeWitt filed his notice of appeal on June 21, 2013. Doc. 38. DeWitt raises the following assignments of error.

<strong>First Assignment of Error</strong>

**The trial court abused its discretion by instituting a general or blanket administrative order or instruction to cause its clerk of**

**courts to act in the courts behalf without discretion to collect fines and/or costs without a judgment entry that is in violation of [DeWitt's] Constitutional Rights of "Due Process".**

### Second Assignment of Error

**The trial court abused its discretion in denying [DeWitt's] "Motion to Return Defendant's Property" as it violated due process of law guaranteed by Fifth and Fourteenths Amendment of the U.S. Constitution and Article I of the Ohio Constitution.**

### Third Assignment of Error

**The trial court knowingly committed plain error and judicial misconduct when holding court costs collectable as that of a penal fine.**

{¶4} In the first and second assignments of error, DeWitt essentially argues that the trial court erred by denying his motion to have his license reinstated when it affirmed the forfeiture that was done without a judgment entry. A review of the record reveals that there is no judicial finding that the license should be forfeited for failure to pay fines. We note that DeWitt alleges in his brief that there is a "general or blanket administrative order or instruction" to the clerk to enter the forfeiture paperwork to the BMV in cases like this. However, a review of the record contains no indication that such an order exists. The trial court's judgment entry from which the appeal is brought does not indicate such, but instead states that the court "issued a license forfeiture for the Defendant's failure to pay his fines and costs." May 22, 2013 Entry, 3. Our review of this case is limited by the rule that a court of appeals is bound to the record before it and may not consider

facts outside of the record. *Paulin v. Midland Mut. Life Ins. Co.*, 37 Ohio St.2d 109, 112, 307 N.E.2d 908 (1974).

{¶5} The process for forfeiture of a license for a failure to pay a fine is controlled by R.C. 4510.22.

> **(A)  If a person who has a current valid Ohio driver's [license] * * * is charged with a violation of any provision in sections 4511.01 to 4511.76, 4511.84, 4513.01 to 4513.65, or 4549.01 to 4549.65 of the Revised Code that is classified as a misdemeanor of the first, second, third, or fourth degree or with a violation of a substantially equivalent municipal ordinance and if the person * * * is found guilty of the violation and fails within the time allowed by the court to pay the fine imposed by the court, *the court* shall declare the forfeiture of the person's license.  Thirty days after the declaration of forfeiture, the court shall inform the registrar of motor vehicles of the forfeiture by entering information relative to the forfeiture on a form approved and furnished by the registrar and sending the form to the registrar.**

R.C. 4510.22(A) (emphasis added).     DeWitt's assignment of error raises the question as to whether the order of forfeiture must be entered by the trial court or may be entered by the clerk of courts.

{¶6} Any decision determining the individual rights of any person is reserved to the judge or judges of a court. *State v. Wilson,* 102 Ohio App.3d 467, 471, 657 N.E.2d 518, (1995).

> **[J]udicial power is the power to decide and pronounce a judgment and carry it into effect in a controversy between two or more persons who by right bring that case before the court for its decision.  Such decisions usually, but do not always, involve an exercise of discretion by the judicial officer who makes them.**

> **A clerk of courts is a ministerial officer, one who performs a fixed and designated function that involves no exercise of discretion. The clerk makes and has custody of the court's records, has the power to certify the correctness of transcripts from those records, and files the court's papers, enters its judgments, and issues writs and process in the court's name. The clerk is an arm of the court in these respects, doing acts which a judge of the court would otherwise do. * * * The clerk is not a judicial officer and cannot perform judicial duties or act in exercise of the judicial power. * * ***
>
> **Not every judicial duty involves an exercise of discretion. Some judicial duties are ministerial, duties of a judge incident to the judicial power. Generally, those ministerial duties of a judge may be delegated to the clerk by statute or by court order. Examples include the power to administer oaths. * * * Those duties which do involve the exercise of judicial power are reserved to the judge and may not be delegated, by statute, order, or rule. Any determination of a fact or legal principle upon which the rights of one or more of the parties before the court is decided is an exercise of the judicial power which may not be delegated to the clerk.**

*Id*. at 471-72. A declaration of forfeiture of a driver's license pursuant to this statute is not a ministerial act which may be delegated to the clerk of courts. *Id*. at 472. *See State v. Kovacs,* 5th Dist. Licking No. 97CA156, 1998 WL 345535 (June 18, 1998) (holding that a declaration of forfeiture must be entered by a municipal court judge, not its clerk). A declaration of forfeiture requires a judge to make a finding of fact that the defendant has failed to pay his or her fines within the time allowed by the court. *Id*. at 473. If the forfeiture is done without the trial court

making the necessary finding, the action taken by the clerk to have the license forfeited is void. *Id*.

**{¶7}** Here, the record does not show that the trial judge made a finding that the fines were not paid within the time allowed by the trial court. There is no judgment entry indicating such a finding and no judgment entry ordering the clerk to send the appropriate form to the BMV.[1] In addition, the record discloses that the hearing was held on March 12, 2013, and the forfeiture form was sent to the BMV on March 19, 2013. This is not 30 days after the declaration of forfeiture. Thus the forfeiture was imposed in error. Pursuant to R.C. 4510.22, the trial court must first make a finding that the license shall be forfeited and then thirty days after the finding, the form shall be transmitted to the BMV. A trial court speaks only through its judgment entries. *State v. Brown*, 3d Dist. Allen No. 1-06-66, 2007-Ohio-1761, ¶3. This means that for the trial court to make the necessary findings to impose a forfeiture of one's license, the trial judge must make a judgment entry which is signed by the judge. Civ.R. 58(A), *see also Lamb v. Lamb*, 2d Dist. Montgomery No. 23538, 24076, 2011-Ohio-2970, ¶11. Since the record contains no showing that this occurred in this case, the first and second assignments of error are sustained.

---

[1] This court notes that even if there had been a blanket administrative order to send the forfeiture paperwork to the BMV in cases like this, it would not have complied with the requirement that a judge enter the judgment in each case. In *Wilson*, *supra*, there was such an order and the court held it was insufficient because it delegated the fact finding responsibility of the judge, the requirement that a failure to pay the fines be found, to a clerk, which is not a ministerial task which could be delegated. *Id.*

{¶8} In the third assignment of error, DeWitt alleges that the trial court erred by ordering a forfeiture of the license for failure to pay court costs. The controlling statute regarding the trial court's authority to order forfeiture of a driver's license for failure to pay is R.C. 4510.22. As set forth above, the statute provides that the trial court may order the forfeiture of a defendant's license if they fail to pay the court ordered fine within the time allowed by the trial court. The statute does not permit the trial court to order forfeiture of a license for failure to pay court costs. *State v. Short*, 2d Dist. Darke No. 2011 CA 16, 2012-Ohio-2546. "As for the nonpayment of the defendant's costs, [this court] followed the principle that '[a] judgment for costs in a criminal traffic case is a civil, not a criminal obligation, and may be collected only by the methods provided for the collection of civil judgments.' (Citation omitted)." *State v. Ellis*, 2d Dist. Montgomery No. 22189, 2008–Ohio–2719, ¶ 19 and *Short, supra.* The trial court in this case stated the following in its order. "The Court finds that it has the authority under R.C. § 4510.22 to issue a driver's license forfeiture for the Defendant's failure to pay his fines and costs as previously ordered." May 22, 2013 Entry, 3. This is an incorrect statement of the law as the forfeiture may not be imposed for failure to pay court costs, only the fines. Thus, the trial court must distinguish the two. However, since the trial court failed to enter the judgment

ordering the forfeiture as discussed above, this issue is moot and we need not rule upon it.  App.R. 12(A)(1)(c).

{¶9} Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Napoleon Municipal Court of Henry County is reversed and the matter is remanded for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**PRESTON and SHAW, J.J., concur.**

**/jlr**