[Cite as *Dicarlo v. Mohr*, 2018-Ohio-4157.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


Jacob Dicarlo                                          Court of Appeals No. L-18-1185

      Relator

v.

Gary Mohr, Director ODRC, et al.          **DECISION AND JUDGMENT**

      Respondents                              Decided:  October 11, 2018

* * * * *

Adam H. Houser, for relator.

* * * * *

**SINGER, J.**

{¶ 1} This case is before the court upon a complaint for original action in prohibition and oral argument, filed on August 29, 2018, by relator, Jacob Dicarlo.  No response or answer was filed by respondents, Gary Mohr, Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), John Does, 1-5 or John Doe correction officers.  For the reasons which follow, we dismiss relator's complaint.

## I. Background

{¶ 2} Relator, a convicted felon, is incarcerated until the expected out date of 2027. Relator is currently in the Lucas County Jail on charges of assault of a correction officer.

{¶ 3} In the complaint, relator alleges he was incarcerated at Toledo Correctional Institute ("TCI") when "he was in a dispute with another inmate and then got into an altercation with a correction officer in March of 2018."

{¶ 4} Relator further alleges on March 20, 2018, he was transferred to Southern Ohio Correctional Facility ("SOCF"), where he was attacked and injured by a number of correction officers. Relator alleges the attack was in retaliation for the assault on the correction officer at TCI.

{¶ 5} Relator further alleges on April 9, 2018, he was taken to a correction officer's office where he "believed he was in imminent harm of being attacked again by the correction officers and had to struggle to leave the office and run down the hall."

{¶ 6} Relator further alleges he is gravely concerned he will be returned to SOCF and is requesting that this court prevent ODRC from placing him in SOCF. Relator prays for a peremptory writ to issue ordering respondents not to place relator back in SOCF.

## II. Law

{¶ 7} The purpose of a writ of prohibition is to restrain inferior tribunals and courts from exceeding their jurisdiction. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70,

2.

73, 701 N.E.2d 1002 (1998). Accordingly, a writ of prohibition is an "'extraordinary remedy which is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies.'" (Citation omitted.) *Id.*

{¶ 8} To be entitled to a writ of prohibition, a relator must establish that "(1) the [court or officer] is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists." *State ex rel. Henry v. McMonagle*, 87 Ohio St.3d 543, 544, 721 N.E.2d 1051 (2000).

{¶ 9} Judicial power has been defined as the power of a judicial officer "to decide and pronounce a judgment and carry it into effect in a controversy between two or more persons who by right bring that case before the court for its decision." *State v. Wilson*, 102 Ohio App.3d 467, 471, 657 N.E.2d 518 (2d Dist.1995). Quasi-judicial power has been defined as "'the power to hear and determine controversies between the public and individuals that require a hearing resembling a judicial trial.'" (Citations omitted.) *State ex rel. Miller v. Warren Cty. Bd. of Elections*, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 13.

{¶ 10} A prohibition action may be dismissed sua sponte and without notice if the court finds that the complaint is frivolous or it is obvious that the facts alleged in the complaint are not legally sufficient. *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14.

3.

### III. Analysis and Conclusion

{¶ 11} The first element which relator must establish for a writ of prohibition is that respondents are preparing to use judicial or quasi-judicial authority or power. Upon review, relator has not alleged that respondents, the director of ODRC or its employees, are about to conduct a hearing regarding where or in which facility to place relator.

{¶ 12} The second element which relator must establish is that the exercise of respondents' power is unauthorized by law. Upon review, relator has not alleged that respondents are not authorized by law to place relator in SOCF.

{¶ 13} Relator has not demonstrated that he will be able to prove that respondents would be engaging in a judicial or quasi-judicial function or that the exercise of respondents' power is not authorized by law. Accordingly, relator is unable to satisfy all of the elements necessary for a writ of prohibition to issue. We therefore find sua sponte dismissal of relator's complaint is warranted as it is obvious that the facts alleged in the complaint are not legally sufficient. Costs to relator.

{¶ 14} It is so ordered.

Writ denied.

4.

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE