[Cite as *Erdman v. Williams*, 2013-Ohio-980.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DIANA ERDMAN

        Petitioner-Appellee

-vs-

MARK A. WILLIAMS

        Respondent-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. John W. Wise, J.

Case No. 2012 AP 08 0054

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Tuscarawas County Common Pleas Court, Case No. 2011 PO 09 0956 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 13, 2013 |

APPEARANCES:

For Petitioner-Appellee

DOUGLAS JACKSON
214 N. Dawson St.
Uhrichsville, Ohio 44683

For Respondent-Appellant

MARK A. WILLIAMS, PRO SE
484 2nd Dr. NE.
New Philadelphia, Ohio 44663

*Hoffman, J.*

{¶1} Respondent-appellant Mark A. Williams appeals the August 8, 2012 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, which approved and adopted the magistrate's May 23, 2012 decision, overruling his motion to dismiss. Petitioner-appellee is Diana Erdman.[1]

STATEMENT OF THE CASE AND FACTS

{¶2} Appellant is the biological father of three of Appellee's children. On September 9, 2011, Appellee filed a Complaint for Civil Stalking Protection Order. The trial court granted an ex parte order and scheduled the matter for hearing on September 23, 2011. Appellant filed a pro se response on September 22, 2011. On the day of the scheduled hearing, the magistrate filed a notice continuing the hearing until October 7, 2011. Appellee subsequently requested a continuance of the October 7, 2011 hearing date, which the magistrate granted.

{¶3} The hearing commenced on October 14, 2011, and concluded on October 21, 2011. After hearing the evidence, the magistrate issued a civil stalking protection order. The order included Civ. R. 54(B) language. Appellant filed objections to the magistrate's decision on November 7, 2011. Via Judgment Entry filed December 6, 2011, the trial court denied Appellant's objections.

{¶4} On March 14, 2012, Appellant filed a Notice of Appeal of the December 6, 2011 Judgment Entry. Appellant also filed a request for an extension for filing the appeal, explaining he was not advised of the time limitation for filing an appeal and the

---

[1] Appellee has not filed a brief in this matter.

attorney he had hired subsequent to the hearing did not file an appeal. There is nothing in the record reflecting any ruling or disposition relative to this filing.

{¶5} On April 9, 2012, Appellant filed a motion to dismiss with the trial court, which the magistrate overruled on May 23, 2012. On May 25, 2012, Appellant filed additional objections to the magistrate's decision. Appellee filed a response, asserting the filing was improper and should be stricken; the allegations contained in Appellant's objections were baseless and inaccurate; and the objections were untimely filed. Via Judgment Entry filed August 8, 2012, the trial court approved and adopted the magistrate's May 23, 2012 decision. Appellant filed a Notice of Appeal on August 22, 2012. Appellant filed a Request for Electronic Record of Courtroom Proceeding. A CD of the hearing was delivered to the Clerk of Courts on September 27, 2012.

{¶6} It is from the trial court's August 8, 2012 Judgment Entry Appellant appeals, raising the following assignments of error:

{¶7} "I. THE COURT ERRED WHEN IT ABUSED ITS DISCRETION IN ACKNOWLEDGING THE EVIDENCE AS BEING SUFFICIENT TO SUPPORT CLAIMS OF STALKING.

{¶8} "II. WHATEVER THE TRIAL COURTS RULING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THERE IS NO EVIDENCE OR STATEMENTS OF BEHAVIOR THAT CONSTITUTES STALKING."

I, II

{¶9} Initially, we note Appellant's brief does not comply with the rules for a proper brief as set forth in App.R. 16(A). Although Appellant's brief includes a statement of the assignments of error for review, such does not include a reference to the place in

the record where each error is reflected, in violation of App.R. 16(A)(3).  Further, Appellant does not support his arguments on appeal with references to the record, legal citations, or other authority, in violation of App. R. 16(A)(7). Compliance with the rule is mandatory.  Appellant's failure to comply with App. R. 16 is tantamount to failing to file a brief in this matter.  Such deficiencies permit this Court to dismiss Appellant's appeal. Notwithstanding the omissions in his brief, in the interests of justice and finality, we elect to review the appeal.

**{¶10}** Appellant's brief challenges the trial court's issuing the civil stalking protection order as against the manifest weight and sufficiency of the evidence. Appellant's Notice of Appeal indicates the appeal is being taken from the trial court's August 8, 2012 Judgment Entry, which approved and adopted the magistrate's May 23, 2012 decision overruling his motion to dismiss.  The trial court approved and adopted the magistrate's decision to issue the protection order via Judgment Entry filed December 6, 2011.  This judgment entry was a final, appealable order. See R.C. 2903.214(G) ("An order issued under this section, other than an ex parte order, that grants a protection order, or that refuses to grant a protection order, is a final, appealable order").

**{¶11}** Accordingly, we find Appellant is barred from raising his arguments under the doctrine of res judciata. Appellant's arguments as presented herein could have or should have been raised on direct appeal of the trial court's December 6, 2011 Judgment Entry.  A motion to dismiss or motion to vacate cannot be used as a substitute for a direct appeal. *Key v. Mitchell,* 81 Ohio St.3d 89, 689 N.E.2d 548, 1998–

Ohio–643; *Bobardier Capital, Inc. v. W.W. Cycles, Inc.* 155 Ohio App.3d 484, 801 N.E.2d 900, 2003–Ohio–6716.

{¶12} Assuming, arguendo, Appellant was not barred by the doctrine of res judicata, we would still affirm the judgment of the trial court. Appellant failed to provide this Court with a transcript of the October 14 and 21, 2011 hearing. Appellant bears the burden of showing error by reference to matters in the record. *Knapp v. Edwards Lab.* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384; *State v. Prince* (1991), 71 Ohio App.3d 694, 595 N.E.2d 376. An appellate court can reach its decision only upon facts which are adduced in the trial court's proceeding and cannot base its decision on allegations founded upon facts from outside of the record. *Merillat v. Fulton Cty. Bd. Of Commrs.* (1991), 73 Ohio App.3d 459, 597 N.E.2d 1124.

{¶13} When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp,* supra.

{¶14} Because Appellant failed to provide this Court with a transcript of the hearing, we may presume the validity of the lower court's proceedings and affirm.

{¶15} Appellant's first and second assignments of error are overruled.

{¶16} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DIANA ERDMAN                          :
                                      :
    Petitioner-Appellee               :
                                      :
-vs-                                  :            JUDGMENT ENTRY
                                      :
MARK A. WILLIAMS                      :
                                      :
    Respondent-Appellant              :            Case No. 2012 AP 08 0054


For the reasons stated in our accompanying Opinion, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs to Appellant.


s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN


s/ John W. Wise _____
HON. JOHN W. WISE