[Cite as *State v. Obermeyer*, 2024-Ohio-4508.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 30064 |
| | : | |
| v. | : | Trial Court Case No. 23TRD04613 |
| | : | |
| FRANK J. OBERMEYER | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on September 13, 2024

. . . . . . . . . . .

FRANK J. OBERMEYER, Pro Se Appellant

JOHN D. EVERETT, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Frank J. Obermeyer appeals from a judgment of the Kettering Municipal Court convicting him of disobeying a traffic control device. For the following reasons, we will affirm the judgment of the trial court.

I.      Facts and Course of Proceedings

{¶ 2} On September 21, 2023, Obermeyer was involved in an automobile accident with Amy Kettner at the intersection of Woodman Drive and Forrer Boulevard in Kettering, Ohio.   Obermeyer was issued a traffic citation by the Kettering Police for disobeying a traffic control device in violation of Kettering Ordinance Section 414.01.

{¶ 3} A bench trial was held on January 25, 2024.   Amy Kettner testified first at trial.   Tr. 6-15.   On the early afternoon of September 21, 2023, she was driving a black Honda Civic and heading north on Woodman Drive toward the intersection of Woodman and Forrer Boulevard.   She intended to turn left onto Forrer.   As she approached the intersection in the left turn lane, the light turned from green to yellow "fairly quickly." Kettner immediately pulled forward into the intersection, the light turned red, and then Kettner began to proceed with her turn, as all the traffic traveling on Woodman from the opposite direction was coming to a stop.   As she turned left, a white car driven by Obermeyer entered the intersection heading southbound on Woodman and hit her car. She did not see the car driven by Obermeyer until she had almost finished her turn. Kettner's car was struck on the passenger side.   Kettner went to the emergency room to have her injuries treated.

{¶ 4} Kettering Police Officer John McCoy testified next at the trial.   *Id.* at 16-34. He had been dispatched to an accident at the intersection of Woodman Drive and Forrer Boulevard on September 21, 2023, at approximately 1:44 p.m.   Officer McCoy was wearing a body camera at that time.   One of the other officers already at the scene told

Officer McCoy that one eyewitness had stated that "the white car ran the red light." Officer McCoy reviewed the intersection video to assist in his investigation as to who was at fault for the accident. Based on his review of the video, he determined "that based off the timing of the light cycle that the white car did in fact run the red light." *Id.* at 18-19.

{¶ 5} Because of the way the traffic camera was angled, Officer McCoy could not see in the video whether the traffic signal for traffic heading south on Woodman was red at the time of the crash. But he could see the traffic signal for the traffic heading eastbound on Forrer. According to Officer McCoy, the yellow light at this particular intersection on Woodman lasts for 4.1 seconds. There is then a delay of one second between the north and southbound traffic lights turning red and the east and westbound traffic lights turning green. Officer McCoy also explained that the national standard for traffic lights requires a yellow light to last four seconds on a 35 mile per hour roadway and 4.5 seconds on a 40 mile per hour roadway. He explained that the video showed "almost instantly at the time of impact is when you see that light cycle to green for eastbound traffic." *Id.* at 23. The speed limit on Woodman is 35 miles per hour. Based on this information and the video, Officer McCoy concluded that Obermeyer "should have had about 4 seconds advance notice coming up on that intersection to slow down and stop before that red light." *Id.* at 24.

{¶ 6} After discussing the evidence with Officer Rustad, who had investigated numerous crashes for the Kettering Police Department, Officer McCoy determined that Obermeyer ran the red light. He issued Obermeyer a traffic citation. Officer McCoy also watched a full light cycle at the intersection to make sure there were no anomalies in the

timing of the lights.

{¶ 7} On cross-examination, Officer McCoy testified that he spoke briefly with Kettner and Obermeyer but did not speak with the driver of a third vehicle that Obermeyer struck after the initial collision. He also did not include any of his mathematical computations in the traffic crash report that he completed.

{¶ 8} Beverly Schiermeyer testified next. Tr. 34-38. She was on Forrer Boulevard in the right-hand lane planning to make a right turn onto Woodman Avenue at the time of the collision involving Kettner and Obermeyer. Her light was red, and she decided that she would turn right onto Woodman after the white convertible cleared the intersection. But that vehicle crashed into her before she could turn right.

{¶ 9} Obermeyer testified last at the trial. Tr. 39-47. He is semi-retired after previously working for 20 years as a cargo van driver making deliveries in the United States and Canada. According to Obermeyer, he had never had any accidents or traffic citations during his years driving the cargo van. Immediately before the accident with Kettner, Obermeyer was in his 1992 white Oldsmobile driving in the right-hand lane heading south on Woodman Drive. He testified as follows as to what happened when he arrived at the intersection of Woodman and Forrer: "As I entered the intersection my light was green and within a split second this black car just comes right in front of me and prevented me from clearing the intersection and obviously I crashed into her. And she was accelerating and actually pushed my car over to the curb lane and Ms. Schiermeyer's car." Tr. 41. Obermeyer estimated that at the time he entered the intersection, he "was probably going 35 maybe a little under at that point." On cross-examination, Obermeyer

stated that the video showed the light on Forrer was still red when he crashed into Kettner and then it turned green after the impact. He did not see a yellow or red light on the traffic light on Woodman before he entered the intersection.

{¶ 10} At the conclusion of the trial, the trial court found Obermeyer guilty of disobeying a traffic control device and fined him $25 plus court costs. Obermeyer filed a timely notice of appeal.

II. Obermeyer's Conviction Was Supported by Sufficient Evidence and Was Not Against the Manifest Weight of the Evidence

{¶ 11} Initially, we note that Obermeyer's pro se brief does not comply with the rules for a proper brief as set forth in App.R. 16(A). His pro se brief fails in almost every respect to comply with the requirements governing the content of the brief of an appellant. App.R.16 (A)(1)-(7). Briefs filed in this Court, whether by counsel or pro se, must comply with App.R. 16.

{¶ 12} Obermeyer's brief does not include a table of cases, statutes, and other authority, in violation of App.R. 16(A)(1) and (2). His brief does not include a statement of the issues presented for review, as required by App.R. 16(A)(4), or a brief statement of the case, as mandated by App.R. 16(A)(5). Most importantly, Obermeyer has failed to set forth any assignments of error or propositions of law and to cite to the record in this matter. App.R. 16(A)(3) requires that a brief contain assignments of error presented for review on appeal and that they be included in a separate statement.

{¶ 13} Compliance with the appellate rule is mandatory. Obermeyer's failure to

comply with App.R. 16 is tantamount to failing to file a brief in this matter. Pursuant to App.R. 12(A)(2), we are not required to address issues that are not argued separately as assignments of error, as required by App.R. 16(A). *Kremer v. Cox*, 114 Ohio App.3d 41, 60 (9th Dist. 1996). Such a deficiency permits this Court to dismiss Obermeyer's appeal. *Erdman v. Williams*, 2013-Ohio-980, ¶ 9 (5th Dist.). Notwithstanding the omissions in Obermeyer's brief, in the interests of justice and finality, we elect to review the one implicit issue raised in his appeal. *Id.*

{¶ 14} Obermeyer filed a one-page document that contained the following seven paragraphs:

There was no eyewitness to this accident. The North/South cameras were not working.

The entire findings were hearsay.

The findings were all based on my speed when I entered the intersection, which was determined to be 35 MPH. However, as I stated in Court, I have had many years of driving with no accidents or violations and I have the best insurance rates for safe driving. In fact, I always slow down when a light has been green for some time. My speed was 30 MPH or less, with my headlights on for safety.

Ms. Kettner stated she was watching the cross walk light when she turned right in my path at a high rate of speed, giving me no chance to clear the intersection. Using a stopwatch at 30 MPH or less I didn't have the time to clear the intersection.

Beverly Schiermeyer, who was waiting to turn South at Woodman and Forrer stated the East/West light was red prior to the accident. The crash occurred before the East/West light changed to green.

I was in the beginning of the intersection on green in the far lane.

I pray you will take this information into consideration in granting my appeal.

{¶ 15} In its appellate brief, the City of Kettering construed Obermeyer's filing as raising an argument that his conviction was against the manifest weight of the evidence and not supported by sufficient evidence. We agree with the City of Kettering that Obermeyer's one-page filing contains an implied assignment of error arguing that his conviction was against the manifest weight of the evidence and was not supported by sufficient evidence. Therefore, we will exercise our discretion to resolve this implicit assignment of error.

{¶ 16} "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins*, 78 Ohio St.3d 380 (1997), paragraph two of the syllabus. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond

a reasonable doubt." *Id.*, citing *Jackson v. Virginia*, 443 U.S. 307 (1979).

{¶ 17} When reviewing the sufficiency of the evidence, "the court does not engage in a determination of the witnesses' credibility." *State v. Goff*, 82 Ohio St.3d 123, 139, (1998), citing *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. Rather, the relevant inquiry is whether the evidence presented, if believed, was sufficient to support the conviction. *State v. Jones*, 2021-Ohio-3311, ¶ 16, citing *Thompkins* at 390 (Cook, J., concurring). The verdict will not be disturbed on appeal "unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier-of-fact." *State v. Dennis*, 79 Ohio St.3d 421, 430 (1997), citing *Jenks* at 273.

{¶ 18} "[A] weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." *State v. Wilson*, 2009-Ohio-525, ¶ 12 (2d Dist.), citing *State v. Hufnagle*, 1996 WL 501470 (2d Dist. Sept. 6, 1996). When evaluating whether a conviction is against the manifest weight of the evidence, the appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact " 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). The fact that the evidence is subject to different interpretations does not render a conviction against the manifest weight of the evidence. *Wilson* at ¶ 14. A judgment of conviction should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the

evidence weighs heavily against the conviction." (Citations omitted.) *Martin* at 175.

**{¶ 19}** Obermeyer was charged with and convicted of a violation of Kettering Ordinance Section 414.01, which provides, in pertinent part: "No pedestrian or driver of a vehicle shall disobey the instructions of any traffic control device placed in accordance with the provisions of this Traffic Code, unless at the time otherwise directed by a police officer." Based on the record before us, we conclude that Obermeyer's conviction was supported by sufficient evidence and was not against the manifest weight of the evidence.

**{¶ 20}** Kettner testified that the light on Woodman turned red while she was waiting to turn left in the intersection of Woodman and Forrer. Obermeyer disagreed and stated that the light was still green when he entered the same intersection and hit Kettner's car. Officer McCoy testified that he had reviewed the video recording from the perspective of traffic heading eastbound on Forrer Boulevard. This recording was introduced at the trial, and we have reviewed the recording. According to Officer McCoy, the impact between the vehicles driven by Kettner and Obermeyer occurred at the same time the light on Forrer turned green. The video recording supported Officer McCoy's testimony. Further, Officer McCoy testified that the light on Woodman would have been red for one second before the light on Forrer turned green. Therefore, the light on Woodman had turned red one second before Obermeyer struck Kettner's vehicle. Under the facts of this case, this means that Obermeyer failed to obey the traffic signal when he entered the intersection at Woodman and Forrer. This evidence was sufficient to support Obermeyer's conviction.

**{¶ 21}** Ultimately, the trial court credited the testimony of Kettner and Officer

McCoy over the testimony of Obermeyer. The video recording submitted at trial supported the trial court's decision to do so. We cannot conclude that this is "the exceptional case in which the evidence weighs heavily against the conviction." Therefore, Obermeyer's conviction was not against the manifest weight of the evidence.

{¶ 22} The sole implied assignment of error is overruled.

III. Conclusion

{¶ 23} Having overruled Obermeyer's sole implied assignment of error, the judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.